FILED

2024 JUL 24 PM 2: 16

US DISTRICT COURT
EASTERN DIST. TENN.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

**ERIK COOPER**

**Plaintiff,**

**v.**

**JAMES BRUCE DUNN,**
**RONALD CROCKETT NEWCOMB,**
**JAMES MEDLIN,**
**SEVIER COUNTY, TENNESSEE,**
**AND DOES 1 - 50, inclusive**
**Defendants.**

**No.** 3:24-cv-315

**JURY DEMANDED**

# COMPLAINT

***"I, JAMES BRUCE DUNN, do solemnly swear that I will perform with fidelity the duties of the office of District Attorney General of the Fourth Judicial District of the State of Tennessee, to which I have been elected, and which I am about to assume. I further solemnly swear that I will support the Constitution of the State of Tennessee and the Constitution of the United States, so help me God."***

- Oath of Office of James Bruce Dunn as District Attorney General sworn on September 1, 2022

***"I, RONALD CROCKETT NEWCOMB, having been appointed to the position of Assistant District Attorney General of the Fourth Judicial Circuit of the State of Tennessee, comprising the Counties of Cocke, Grainger, Jefferson, and Sevier, said appointment having been made by James B. Dunn, the duly elected and serving District Attorney General for the aforesaid Judicial Circuit of the State of Tennessee, make an oath and swear that I will perform with fidelity the duties of the office to which I have been appointed and which I am about to assume, and I will support the Constitution of the State of Tennessee and the Constitution of the United States."***

- Oath of Office of Ronald Crockett Newcomb as Assistant District Attorney General for the Fourth Judicial District of Tennessee[1]

***"Do you as Foreman of the Grand Jury, solemnly swear that you will diligently inquire, and true presentment make, of all offenses given you in charge, or otherwise brought to your knowledge committed or triable within this county. That you will keep secret the State's counsel, your fellows, and your own: That you will present no person from hatred, malice, or ill will, nor leave any unrepresented through fear, favor or affection, or for any reward, or the promise or hope thereof, but that you will present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding, so help you God[?]"***

- Oath of Foreman of Grand Jury sworn by James Medlin, Grand Jury Foreperson

***"You as members of the grand jury do solemnly swear (or affirm) that you will diligently inquire, and true presentment make, of all offenses given you in charge, or otherwise brought to your knowledge, committed or triable within this county; that you will keep secret the state's counsel, the other jurors' and your own; that you will present no person from hatred, malice, or ill will, nor leave any unrepresented through fear, favor, or affection, or for any reward, or the promise or hope thereof, but that you will present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding. So help you God."***

- Oath of Grand Juror, sworn to by James Medlin for his service upon the March 27, 2023 and May 1, 2023 Sevier County Grand Juries

**COMES NOW** the plaintiff, Erik Cooper ("Plaintiff"), and files his Complaint against the defendants, James Bruce Dunn, Ronald Crockett Newcomb, James Medlin, Sevier County, Tennessee, and Does 1 - 50, inclusive, both jointly and severally, and respectfully states to the Court and to the Jury as follows:

## NATURE OF ACTION

1. This is a civil action brought by the Plaintiff under 42 U.S.C. § 1983, general federal common law, and Tennessee common law to recover money damages and for declaratory and equitable relief to redress Defendants' violations of Plaintiff's rights afforded under the First and Fourteenth Amendments to the United States Constitution, under Article I, § 35 of the Tennessee Constitution, and under Tennessee Code Annotated §§ 40-12-104 (application to testify by a person having knowledge of commission of offense), 39-17-309 (civil rights intimidation), 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), and 39-16-510 (retaliation for past action).

---

1 The Oath of Office of Ronald Crockett Newcomb omits the passage, "so help me God." The passage "So help me God" was included in the Oath of Office of James Bruce Dunn, District Attorney General for the Fourth Judicial District of Tennessee and the direct supervisor of Ronald Crockett Newcomb. The passage "so help you God" was included in the Oath of Foreman of Grand Jury and Oath of Grand Juror sworn by James Medlin.

## INTRODUCTION

2. Grand Juries in Sevier County, Tennessee have suffered the undue influence of the District Attorney General and Sevier County District Attorney General's Office ("DAGO") for nearly two decades.

3. Grand Juries in Sevier County, Tennessee have suffered the undue influence of its Grand Jury Foreperson and fellow Grand Juror, James Medlin (hereinafter referred to as "Defendant Medlin" or "Medlin"), since 2022.

4. Under the guise of providing legal guidance to the Grand Jury as afforded by Tennessee legal authorities, behind closed doors, in official Grand Jury proceedings conducted in secret, absent any court reporter, and without judicial supervision, the District Attorney General of the Fourth Judicial District of the State of Tennessee, Defendant James Bruce Dunn (hereinafter referred to as "Defendant Dunn" or "Dunn") and assistant district attorney generals, including Ronald Crockett Newcomb (hereinafter referred to as "Defendant Newcomb" or "Newcomb"), have poisoned the independent determinations of Grand Juries by providing Grand Jurors Defendant Dunn's or Defendant Newcomb's own probable cause opinions.

5. The criminal violations and tortious acts of Defendants Dunn and Newcomb were endorsed and ratified by Sevier County Grand Jury Foreperson James Medlin.

6. The criminal violations and tortious acts of Defendants Dunn, Newcomb, and Medlin were endorsed and ratified by Sevier County, Tennessee (hereinafter referred to as "Defendant Sevier County" or "Sevier County").

7. Defendants Dunn's, Newcomb's, and Medlin's individual and collective criminal violations and tortious acts violated each official's respective sworn Oath.

8. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to perform the acts alleged in this Complaint.

9. Defendants Dunn's, Newcomb's, and Medlin's individual and collective criminal violations and tortious acts were each performed in bad faith.

10. Defendants Dunn's, Newcomb's, and Medlin's individual and collective criminal violations and tortious acts were each performed in their individual capacities.

11. Defendants Dunn's, Newcomb's, and Medlin's individual and collective criminal violations and tortious acts caused countless individuals to suffer deprivation of their legal rights afforded by the United States Constitution, the Tennessee Constitution, and under federal and state common laws.

12. Defendants' individual and collective criminal violations and tortious acts caused countless individuals to suffer unlawful criminal indictments, prosecutions, and convictions for alleged crimes devoid of probable cause.

13. Plaintiff uncovered the discovery of Defendants' probable cause poisonings of Grand Juries during Plaintiff's appearances before Grand Jury Panels and Grand Juries as afforded Plaintiff under Tenn. Code Ann. § 40-12-104.

14. In response to witnessing first-person criminal violations and tortious acts committed by Defendant Dunn and assistant district attorney generals including Defendant Newcomb during official Grand Jury proceedings conducted in Sevier County, Tennessee, Plaintiff reported his concerns for such criminal violations and tortious acts to law enforcement officials and state court judges.

15. As unlawfully required by the Defendants, since as early as 2018 and until July 26, 2023, Plaintiff submitted written applications to the Defendants prior to Plaintiff's appearance before Sevier County Grand Jury Panels as afforded under Tenn. Code Ann. § 40-12-104.

16. As unlawfully required by the Defendants, since as early as 2018 and until July 26, 2023, Plaintiff submitted written applications to the Defendants on or before Defendants' deadline prior to Plaintiff's appearance before Sevier County Grand Jury Panels as afforded under Tenn. Code Ann. § 40-12-104.

17. As unlawfully required by the Defendants, since as early as 2018 and until July 26, 2023, Plaintiff produced his government-issued photo identification to the Defendants prior to Plaintiff's appearance before Sevier County Grand Jury Panels as afforded under Tenn. Code Ann. § 40-12-104.

18. As unlawfully required by the Defendants, since as early as 2018 and until July 26, 2023, Plaintiff appeared as scheduled by the Defendants prior to Plaintiff's appearance before Sevier County Grand Jury Panels as afforded under Tenn. Code Ann. § 40-12-104.

19. During appearances afforded to Plaintiff under Tenn. Code Ann. § 40-12-104, since as early as 2018 and until May 1, 2023, Plaintiff witnessed first-person Defendants Dunn, Newcomb, Medlin, or other assistant district attorney generals provide Grand Jurors information not offered by Plaintiff to Grand Jurors during official Grand Jury proceedings, instead, offered only and exclusively to Grand Jurors by Defendants Dunn, Newcomb, Medlin, or other assistant district attorney general as unlawfully obtained by the Defendants from Defendants' unlawful Application unlawfully obtained from the Plaintiff.

20. During appearances afforded to Plaintiff under Tenn. Code Ann. § 40-12-104, since as early as 2018 and until May 1, 2023, Plaintiff witnessed first-person Defendants Dunn, Newcomb, or other assistant district attorney generals provide Grand Jurors their own probable cause opinions disguised as "legal guidance."

21. During appearances afforded to Plaintiff under Tenn. Code Ann. § 40-12-104, since as early as 2018 and until May 1, 2023, Plaintiff witnessed first-person Defendants Dunn, Newcomb, or other assistant district attorney generals

violate Plaintiff's legal rights.

22. During appearances afforded to Plaintiff under Tenn. Code Ann. § 40-12-104, since as early as 2018 and until May 1, 2023, Plaintiff witnessed first-person Defendants Dunn, Newcomb, Medlin, and other assistant district attorney generals violate Tenn. Code Ann. §§ 39-17-309 (civil rights intimidation), 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), and 39-16-510 (retaliation for past action).

23. Not dissuaded by Defendants Dunn's, Newcomb's, or Medlin's criminal violations and tortious acts, Plaintiff appeared again and again before Grand Juries in effort to provide Grand Juries testimony and evidence of triable and indictable offenses in Sevier County without obstruction and intrusion of the Defendants and as afforded under Tenn. Code Ann. § 40-12-104.

/////

## PARTIES

24. Plaintiff Erik Cooper is a citizen and resident of Sevier County, Tennessee. Plaintiff's mailing address is 1216 East Parkway, #1413, Gatlinburg, Tennessee, 37738. Plaintiff is a "whistleblower"[2] exposing corruption of Sevier County Grand Juries committed by the Defendants.

25. Defendant James Bruce Dunn (Defendant Dunn) is an attorney licensed to practice law in the State of Tennessee by the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR"). Defendant Dunn was issued BPR number 012059. Defendant Dunn is the elected District Attorney General of the Fourth Judicial District for the State of Tennessee. At all times relevant to this action, Defendant Dunn was professionally obligated to comply with the Constitution of the United States of America, the Constitution of the State of Tennessee, and general federal and state laws, to maintain a minimum level of professional competence, to refrain from abusing the legal process, and to avoid acting in "knowing disregard of obligations" or engaging in "a systematic abuse of prosecutorial discretion." Defendant Dunn knew that he, Defendant Newcomb, Defendant Medlin, employees of the Sevier County District Attorney General's Office ("DAGO"), and employees of Defendant Sevier County, required

2 "One who reveals something covert or who informs against another." Merriam-Webster Dictionary; https://www.merriam-webster.com/dictionary/whistleblower.

applicants seeking to appear before a Sevier County Grand Jury to first complete and submit Defendants' unlawful written application, submitted by Defendants' unlawful deadline, and relied upon information contained therein to conduct Defendant Dunn's and the DAGO's own investigation of allegations provided in the unlawful written application, contributing to Defendant Dunn's and his employee's own probable cause opinions derived from the contents of the unlawful application. Under the illusion of providing Grand Juries "legal guidance" as afforded to a district attorney general during Grand Jury proceedings, Defendant Dunn, Defendant Newcomb, and employees of the DAGO poisoned Grand Juries with Defendant Dunn's, Defendant Newcomb's, and other DAGO employee's own probable cause opinions, thereby tainting, influencing, and corrupting the independent determinations and findings of a Grand Jury. By and through this conduct, Defendant Dunn committed criminal acts in violation of T.C.A. §§ 39-16-402 (official misconduct), 39-16-403 (official oppression), 39-16-507 (coercion or persuasion of a witness), 39-17-309 (civil rights intimidation), 39-16-510 (retaliation for past action), and general federal and state common laws. Further, upon information and belief, Defendant Dunn failed to comply with his duties and obligations entrusted to him in his office by directing and by conspiring with Defendants Newcomb and Medlin, employees of the DAGO, and employees of Defendant Sevier County to investigate, to retaliate against, and to obstruct the

legal rights of Plaintiff afforded to Plaintiff under the United States Constitution, under Article I, § 35 of the Tennessee Constitution, under T.C.A. § 40-12-104, and general federal and state common laws. Prior to July 26, 2023, Defendant Dunn required Plaintiff, as an applicant seeking to appear before a Grand Jury as afforded under T.C.A. § 40-12-104 to: (1) first complete and submit to Defendants' unlawful written application to Defendant Sevier County for and on behalf of the Defendants, (2) submit Defendants' unlawful written application to Defendant Sevier County by Defendants' unlawful deadline, (3) provide Plaintiff's government-issued photo identification to the Defendants by Defendants' unlawful deadline, and (4) appear as unlawfully scheduled by the Defendants or be denied Plaintiff's application to appear before the Grand Jury to offer Plaintiff's knowledge or proof of the commission of a public offense triable or indictable in the county. Defendant Dunn is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Dunn is sued in his individual capacity regarding specified tort claims. Defendant Dunn is sued in his official capacity regarding the Plaintiff's claims for injunctive relief. Defendant Dunn may be served at his place of residence located at 851 Brookside Drive, Newport, Tennessee, 37821; his places of business, Office of the District Attorney General, Sevier County Courthouse located at 125 Court Avenue, Suite 301-E, Sevierville, Tennessee, 37862; Office of the District Attorney General, 1252 Gay Street,

Dandridge, Tennessee, 37725; Office of the District Attorney General, 355 East Broadway, Newport, Tennessee, 37821; Office of the District Attorney General, Grainger County Justice Center, 270 Justice Center Drive, Rutledge, Tennessee, 37861; or wherever Defendant Dunn may be found.

26. Defendant Ronald Crockett Newcomb (Defendant Newcomb) is an attorney licensed to practice law in the State of Tennessee by the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR"). Defendant Newcomb was issued BPR number 017500. Defendant Newcomb is an assistant district attorney general of the District Attorney General's Office of Fourth Judicial District for the State of Tennessee in Sevier County (DAGO). At all times relevant to this action, Defendant Newcomb was professionally obligated to comply with the Constitution of the United States of America, the Constitution of the State of Tennessee, and general federal and state laws, to maintain a minimum level of professional competence, to refrain from abusing the legal process, and to avoid acting in "knowing disregard of obligations" or engaging in "a systematic abuse of prosecutorial discretion." Defendant Newcomb knew that he, Defendant Dunn, Defendant Medlin, employees of the DAGO, and employees of Defendant Sevier County required applicants seeking to appear before a Sevier County Grand Jury to first complete and submit Defendants' unlawful written application, submitted by Defendants' unlawful deadline, and

relied upon information contained therein to conduct Defendant Newcomb's and the DAGO's own investigation of allegations provided in the unlawful written application, contributing to Defendant Newcomb's and his co-workers' own probable cause opinions derived upon the contents of the unlawful application. Under the illusion of providing Grand Juries "legal guidance" as afforded to a district attorney general during Grand Jury proceedings, Defendant Newcomb, Defendant Dunn, and employees of the DAGO poisoned Grand Juries with Defendant Newcomb's, Defendant Dunn's, and other DAGO employee's own probable cause opinions, thereby tainting, influencing, and corrupting the independent determinations and findings of a Grand Jury. By and through this conduct, Defendant Newcomb committed criminal acts in violation of T.C.A. §§ 39-16-402 (official misconduct), 39-16-403 (official oppression), 39-16-507 (coercion or persuasion of a witness), 39-17-309 (civil rights intimidation), 39-16-510 (retaliation for past action), and general federal and state common laws. Further, upon information and belief, Defendant Newcomb failed to comply with his duties and obligations entrusted to him in his office by directing and by conspiring with Defendants Dunn and Medlin, employees of the DAGO, and employees of Defendant Sevier County to investigate, to retaliate against, and to obstruct the legal rights of the Plaintiff afforded to Plaintiff under the United States Constitution, under Article I, § 35 of the Tennessee Constitution, under T.C.A. §

40-12-104, and general federal and state common laws. Prior to July 26, 2023, Defendant Newcomb required Plaintiff, as an applicant seeking to appear before a Grand Jury as afforded under T.C.A. § 40-12-104 to: (1) first complete and submit to Defendants' unlawful written application to Defendant Sevier County for and on behalf of the Defendants, (2) submit Defendants' unlawful written application to Defendant Sevier County by Defendants' unlawful deadline, (3) provide Plaintiff's government-issued photo identification to the Defendants by Defendants' unlawful deadline, and (4) appear as unlawfully scheduled by the Defendants or be denied Plaintiff's application to appear before the Grand Jury to offer Plaintiff's knowledge or proof of the commission of a public offense triable or indictable in the county. Defendant Newcomb is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Newcomb is sued in his individual capacity regarding specified tort claims. Defendant Newcomb is sued in his official capacity regarding the Plaintiff's claims for injunctive relief. Defendant Newcomb may be served at his place of residence located at 1459 McCarter Hollow Road, Sevierville, Tennessee, 37862; his place of business, Office of the District Attorney General, Sevier County Courthouse located at 125 Court Avenue, Suite 301-E, Sevierville, Tennessee, 37862; or wherever Defendant Newcomb may be found.

27. Defendant James Medlin (Defendant Medlin) is the sworn Grand Jury Foreperson for Sevier County, Tennessee, charged with upholding the laws of the State of Tennessee, fulfilling his duties entrusted to him by the power of the state judiciary, and preserving the rights of every person seeking to appear before a Grand Jury or Grand Jury Panel as provided for under T.C.A. § 40-12-104. Defendant Medlin failed to exercise those duties in early 2023, instead, elected to violate Plaintiff's rights afforded under T.C.A. § 40-12-104 and to conspire together with Defendants Dunn, Newcomb, employees of the DAGO, and employees of Defendant Sevier County to retaliate against and to obstruct the legal rights of Plaintiff afforded to Plaintiff under T.C.A. § 40-12-104, the United States Constitution, Article I, § 35 of the Tennessee Constitution, and federal and state common laws. Prior to July 26, 2023, Defendant Medlin required Plaintiff, as an applicant seeking to appear before a Grand Jury as afforded under T.C.A. § 40-12-104 to: (1) first complete and submit to Defendants' unlawful written application to Defendant Sevier County for and on behalf of the Defendants, (2) submit Defendants' unlawful written application to Defendant Sevier County by Defendants' unlawful deadline, (3) provide Plaintiff's government-issued photo identification to the Defendants by Defendants' unlawful deadline, and (4) appear as unlawfully scheduled by the Defendants or be denied Plaintiff's application to appear before the Grand Jury to offer Plaintiff's knowledge or proof of

the commission of a public offense triable or indictable in the county. Defendant Medlin is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Medlin is sued in his individual capacity. Defendant Medlin may be served at his place of residence located at 1060 Ernest McMahan Road, Sevierville, Tennessee, 37862; at the Sevier County Courthouse located at 125 Court Avenue, Sevierville, Tennessee, 37862, during his next appearance for service as Grand Jury Foreman; or wherever Defendant Medlin may be found.

28. Defendant Sevier County (hereinafter referred to as "Defendant Sevier County") is a unit of local government organized under the laws of the State of Tennessee. Sevier County is liable for its own conduct and the acts and omissions of its servants, employees, agents, and contractors by virtue of the fact that they acted in conformity with the policies, practices, and customs of Sevier County and pursuant to the doctrines of agency, apparent agency, implied agency, employer/ employee relations, joint and several liability, respondeat superior, and vicarious liability. Defendant Sevier County is sued because the harm to Plaintiff resulted from the lack of official policies and customs pertaining to the Plaintiff's application to appear before a grand jury as afforded under T.C.A. § 40-12-104, because the harm to Plaintiff resulted from the lack of official policies and customs mandating the appearance, because the policies and procedures relative to an individual's application to appear before a grand as afforded under T.C.A. § 40-12-

104 were improperly carried out due to inadequate training and supervision of county employees, officers, and/or agents, and because Defendant Sevier County has a custom tolerance of and/or acquiescence of federal civil and constitutional rights violations and state civil and constitutional rights violations which effectively establishes Defendant Sevier County's policies and/or procedures are ineffective, inefficient, defective, and/or a facade. Prior to July 26, 2023, Defendant Sevier County required Plaintiff, as an applicant seeking to appear before a Grand Jury as afforded under T.C.A. § 40-12-104 to: (1) first complete and submit to Defendants' unlawful written application to Defendant Sevier County for and on behalf of the Defendants, (2) submit Defendants' unlawful written application to Defendant Sevier County by Defendants' unlawful deadline, (3) provide Plaintiff's government-issued photo identification to the Defendants by Defendants' unlawful deadline, and (4) appear as unlawfully scheduled by the Defendants or be denied Plaintiff's application to appear before the Grand Jury to offer Plaintiff's knowledge or proof of the commission of a public offense triable or indictable in the county. Defendant Sevier County is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Adra Rowland is the elected Clerk of Sevier County, Tennessee. Defendant Sevier County may be served with the Summons and Complaint by service of process upon Clerk Adra Rowland at the Sevier County Courthouse located at 125 Court Avenue,

Sevierville, Tennessee, 37862.

29. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages set forth herein.

/////

## JURISDICTION AND VENUE

30. This action is brought pursuant to 28 U.S.C. § 1983 as a civil rights action for deprivation of rights. This Honorable Court has jurisdiction over federal law claims of the Plaintiff pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). The incidents which give rise to this cause of action occurred within this jurisdiction within one year of the filing of this Complaint and this Court accordingly has jurisdiction.

31. Venue is proper in the Eastern District of Tennessee, Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), as all Defendants conduct business in Sevier County, Tennessee, and/or all the acts or omissions which give rise to this cause of action occurred within Sevier County, Tennessee.

/////

## FACTUAL ALLEGATIONS

32. Plaintiff is has been employed in the risk management and insurance industry for more than 30 years and is the owner of Acuity Consulting Services ("Acuity"), a private risk management and litigation consulting practice. Plaintiff is also a researcher, writer, and distributor of *The Gatlinburg Free Press*, a content aggregation and news media organization based in Gatlinburg, Tennessee.

33. On November 28, 2016, portions of Sevier County, Tennessee were affected by a wildfire catastrophe causing the deaths of at least fourteen individuals and substantial economic damages.

34. In 2016, Acuity was engaged to provide litigation consulting services for a mass tort civil action involving the November 28, 2016 wildfire catastrophe.

35. During Plaintiff's research and investigation of the wildfire catastrophe event for his client, Plaintiff discovered evidence of criminally negligent homicide involving Sevier County and City of Gatlinburg officials.

36. In Tennessee, the offense of criminally negligent homicide is a Class E felony under Tenn. Code Ann. § 39-13-212.

37. Criminally negligent homicide is a triable or indictable offense in Tennessee.

38. Plaintiff maintained knowledge and proof of the commission of a public offense triable or indictable in Sevier County, Tennessee.

39. The State of Tennessee consists of thirty-one judicial districts.

40. The Fourth Judicial District of the State of Tennessee is comprised of Sevier County, Cocke County, Jefferson County, and Grainger County.

41. Defendant Dunn is an employee of the State of Tennessee.

42. Defendant Dunn is the elected District Attorney General of the Fourth Judicial District for the State of Tennessee.

43. Defendant Dunn has served in the official capacity as District Attorney General for more than seventeen years. Prior to his election as District Attorney General in 2006, Defendant Dunn served as an assistant district attorney general for the Fourth Jùdicial District of Tennessee for seventeen years. Defendant Dunn was first elected in 2006, elected again in 2014, and elected again in 2022.

44. Following his election in 2022, Defendant Dunn swore the following Oath of Office as District Attorney General:

> "I, JAMES BRUCE DUNN, do solemnly swear that I will perform with fidelity the duties of the office of District Attorney General of the Fourth Judicial District of the State of Tennessee, to which I have been elected, and which I am about to assume. I further solemnly swear that I will support the Constitution of the State of Tennessee and the Constitution of the United States, so help me God."

45. Defendant Dunn violated his Oath of Office prior to March 27, 2023.

46. Defendant Dunn violated his Oath of Office on March 27, 2023.

47. Defendant Dunn violated his Oath of Office on May 1, 2023.

48. As District Attorney General, Defendant Dunn manages and oversees assistant district attorney generals for the Fourth Judicial District of Tennessee.

49. As District Attorney General, Defendant Dunn manages and oversees employees in the Office of the District Attorney General located in the cities of Dandridge, Newport, Rutledge, and Sevierville, Tennessee.

50. Defendant Newcomb is an employee of the State of Tennessee.

51. Defendant Newcomb is employed as an assistant district attorney general for the Fourth Judicial District of Tennessee.

52. Defendant Newcomb was appointed to serve as deputy district attorney general for the Sevier County District Attorney General's Office (DAGO).

53. Defendant Newcomb is supervised by and reports to Defendant Dunn.

54. Defendant Newcomb swore the following Oath of Office as an Assistant District Attorney General[1]:

> "I, RONALD CROCKETT NEWCOMB, having been appointed
> to the position of Assistant District Attorney General of the
> Fourth Judicial Circuit of the State of Tennessee, comprising
> the Counties of Cocke, Grainger, Jefferson, and Sevier,
> said appointment having been made by James B. Dunn,
> the duly elected and serving District Attorney General
> for the aforesaid Judicial Circuit of the State of Tennessee,
> make an oath and swear that I will perform with fidelity
> the duties of the office to which I have been appointed and
> which I am about to assume, and I will support the Constitution
> of the State of Tennessee and the Constitution of the United States."

55. Defendant Newcomb violated his Oath of Office prior to March 27, 2023.

56. Defendant Newcomb violated his Oath of Office on March 27, 2023.

57. Defendant Newcomb violated his Oath of Office on May 1, 2023.

58. Sevier County, Tennessee, is comprised of the cities of Sevierville, Gatlinburg, Pigeon Forge, the town of Pittman Center, and various unincorporated communities.

59. The Circuit Court Clerk for Sevier County, Tennessee ("Clerk") is an employee of Defendant Sevier County.

60. The Clerk is an agent of Defendant Sevier County.

61. Plaintiff reported to Defendant Dunn evidence he discovered of the commission of triable and indictable public offenses of criminally negligent homicide in violation of Tenn. Code Ann. § 39-13-212 occurring within Sevier County, Tennessee and involving Sevier County and City of Gatlinburg officials.

62. Defendant Dunn, charged with investigating allegations and evidence of crimes within his district, took no actions and brought no criminal charges.

63. Plaintiff reported to the United States Department of Justice ("USDOJ"), Federal Bureau of Investigations ("FBI"), and Tennessee Bureau of Investigations ("TBI") evidence he discovered of the commission of triable and indictable public offenses of criminally negligent homicide in violation of Tenn.

Code Ann. § 39-13-212 occurring within Sevier County, Tennessee and involving Sevier County and City of Gatlinburg officials.

64. To his knowledge, the USDOJ, the FBI, and the TBI took no actions and brought no criminal charges.

65. Facing limited time to seek justice under the applicable statute of limitations, Plaintiff attempted to appear before a Sevier County Grand Jury to provide testimony and evidence of triable and indictable offenses as afforded under Tenn. Code Ann. § 40-12-104.

66. Defendant Dunn and Defendant Sevier County obstructed Plaintiff's efforts to provide testimony and evidence of triable and indictable offenses to a Sevier County Grand Jury before expiration of the applicable statute of limitations governing public offenses in violation of Tenn. Code Ann. § 39-13-212.

67. The Grand Jury has inquisitorial powers over, and has the authority to return a presentment of all indictable or presentable offenses found to have been committed or to be triable within the county. *Tenn. R. Crim. P. Rule 6(d).*

68. It is the duty of the Grand Jury to inquire into, consider, and act on all criminal cases submitted to it by the district attorney general; to inquire into any report of a criminal offense brought to its attention by a member of the Grand Jury; to inquire into the condition and management of prisons and other county buildings and institutions within the county; to inquire into the condition of the county

treasury; to inquire into the correctness and sufficiency of county officers' bonds; to inquire into any state or local officers' abuse of office; and to report the results of its actions to the court. *Tenn. R. Crim. P. Rule 6(e)*.

69. If a member of the Grand Jury knows or has reason to believe that an indictable public offense has been committed in the county, he or she must inform the other jurors, who shall investigate it. *Tenn. R. Crim. P. Rule 6(f)*.

70. The Grand Jury Foreperson has the duties to assist and cooperate with the district attorney general in ferreting out crime, to the end that the laws may be faithfully enforced; out of term, to advise the district attorney general about law violations and to furnish names of witnesses, whom the district attorney general may, if he or she deems proper, order summoned to go before the grand jury at the next term; in term, in addition to the district attorney general who also has such authority, to order the issuance of subpoenas for grand jury witnesses; and to vote with the grand jury, which vote counts toward the twelve necessary for the return of an indictment. *Tenn. R. Crim. P. Rule 6(g)(4)*.

71. The county legislative body determines the foreperson's compensation, which must not be less than ten dollars per day for each day the foreperson's grand jury is actually in session. The foreperson's compensation may not be diminished during the term of appointment. The foreperson shall receive no other compensation for these services. The foreperson's compensation

shall be paid out of the county treasury in the same manner as jurors are paid. *Tenn. R. Crim. P. Rule 6(g)(5).*

72. After the grand jury has been empaneled and sworn, the judge shall instruct it concerning its powers and duties and the relevant law. *Tenn. R. Crim. P. 6(a)(5).*

73. Grand Juries in Sevier County, Tennessee conduct proceedings in secret and without the presence of a court reporter or any other form of recording.

74. The Grand Jury may consult the district attorney general or the court for guidance in making its determination. *See, e.g.,* Tenn. Code Ann. § 40-12-104(c).

75. A person with knowledge or proof of the commission of a public offense triable or indictable in a Tennessee county may testify before the grand jury. *Tenn. Code Ann. 40-12-104(a).*

76. The person having knowledge or proof shall appear before the grand jury foreperson. *Tenn. Code Ann. 40-12-104(b).*

77. The person's appearance before the grand jury foreperson is considered the individual's application to appear before the grand jury.

78. Upon application, the person shall designate two grand jurors who shall, with the foreperson, comprise a grand jury panel to determine whether the knowledge or proof of the commission of a public offense triable or indictable in

the county warrants investigation by the grand jury. *Tenn. Code Ann. 40-12-104(c).*

79. The grand jury panel may consult the district attorney general or the court for guidance in making its determination. *Tenn. Code Ann. 40-12-104(c).*

80. The majority decision of the grand jury panel to approve or deny the individual's application to appear before the grand jury to provide knowledge or proof of the commission of a public offense triable or indictable in the county is final. *Tenn. Code Ann. 40-12-104(c).*

81. The majority decision of the grand jury panel must be promptly communicated to the applicant, along with the reasons for the action taken by the grand jury panel. *Tenn. Code Ann. 40-12-104(c).*

82. The applicant may submit the sworn affidavits of other individuals whose testimony the applicant wishes to have considered by the grand jury or grand jury panel. *Tenn. Code Ann. 40-12-104(b).*

83. Submission of an affidavit which the person knows to be false in any material regard is punishable as perjury. *Tenn. Code Ann. 40-12-104(d).*

84. An affiant who permits submission of a false affidavit, knowing it to be false in any material regard, is guilty of perjury. *Tenn. Code Ann. 40-12-104(d).*

85. Any person subsequently testifying before the grand jury as to any material fact known by the person to be false is guilty of perjury. *Tenn. Code Ann.*

*40-12-104(d).*

86. Defendant Medlin was appointed as Grand Jury Foreperson by judges of the Sevier County Circuit Court in 2022.

87. Defendant Medlin affirmatively swore to the following Oath of Grand Jury Foreman in July 2022:

> "Do you as Foreman of the Grand Jury, solemnly swear that you will diligently inquire, and true presentment make, of all offenses given you in charge, or otherwise brought to your knowledge committed or triable within this county. That you will keep secret the State's counsel, your fellows, and your own: That you will present no person from hatred, malice, or ill will, nor leave any unrepresented through fear, favor or affection, or for any reward, or the promise or hope thereof, but that you will present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding, so help you God[?]"

88. Defendants Dunn and Newcomb devised an unlawful scheme to obtain information from applicants seeking to appear before a Sevier County Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

89. Defendants Dunn's and Newcomb's scheme involved their creation of a written application.

90. Defendants Dunn's and Newcomb's written application was titled "Summary Form Application to Testify Before the Grand Jury: TCA 40-12-104" ("Application"). A true and exact copy of Defendants' Dunn's and Newcomb's Application is attached herewith and labeled **Exhibit A**.

91. Defendants Dunn's and Newcomb's Application solicited, demanded, and obtained information from applicants prior to the applicant's appearance before the Grand Jury Foreman as described in Tenn. Code Ann. 40-12-104(b).

92. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendant Medlin endorsed and ratified the use of Defendants Dunn's and Newcomb's unlawful written Application for applicants seeking to appear before a Sevier County Grand Jury.

93. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Circuit Court Clerk of Sevier County, Tennessee ("Clerk"), Defendant Sevier County, Tennessee ("Defendant Sevier County") endorsed and ratified the use of Defendants Dunn's, Newcomb's, and Medlin's unlawful written Application for applicants seeking to appear before a Sevier County Grand Jury.

94. Defendants' unlawful written Application required an applicant disclose the "[d]ate of criminal action," "[t]ime of criminal action," [l]ocation of the events," and provide a "[s]ummary statement of the actions that [the applicant] believe were criminal acts." (Ex. A).

95. Defendants maintained no official duty, jurisdiction, or authority to require an applicant to disclose the date, time, or location and summary of actions an applicant believed "were criminal acts."

96. Defendants' unlawful written Application required applicants provide "sworn affidavits" of any individual whose testimony the applicant wished to have considered by the Grand Jury Panel:

> "If you desire that the Grand Jury [P]anel considers testimony of other persons [as emphasized] you should submit the **sworn affidavits** [as emphasized] of those persons so that the Grand Jury **can schedule** [emphasis added] that additional testimony, if needed." (Ex. A).

97. Defendants maintained no official duty, jurisdiction, or authority to require an applicant to obtain or submit sworn affidavits of other whose testimony an individual wished to have considered by the Grand Jury Panel.

98. Defendants' unlawful written Application warned applicants of potential consequences upon the applicant's failure "to fill out this form and submit proper sworn affidavits to support this Application":

> "Failure to fill out this form and submit proper sworn affidavits to support this Application could result in a continuance to the next [as emphasized] Grand Jury by the Grand Jury Foreman. **This form, along with the sworn affidavits, should be submitted to the Grand Jury Foreman prior to your Grand Jury Date** [as emphasized]. **Please return to the Foreman on: __________** [as emphasized]." (Ex. A).

99. Defendants maintained no official duty, jurisdiction, or authority to require an applicant to "fill out" their unlawful written Application "and submit proper sworn affidavits to support" Defendants' unlawful written Application.

100. Defendants maintained no official duty, jurisdiction, or authority to deny an individual's application to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104 unless and until the applicant first "fill[ed] out" "and submit[ted] proper sworn affidavits to support" Defendants' unlawful written Application.

101. Defendants' unlawful written Application further warned applicants of potential consequences if an applicant attempted to provide information to the Grand Jury Foreman or Grand Jury Panel not included in Defendants' unlawful written Application:

> "An attempt to provide information to the Grand Jury Foreman and [Grand Jury] Panel other than what is stated in your Application to Testify [as emphasized] could result in a continuance to the next [as emphasized] Grand Jury by the Grand Jury Foreman." (Ex. A).

102. Defendants maintained no official duty, jurisdiction, or authority to deny an individual's application to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104 if an individual "attempt[ed] to provide information to the Grand Jury Foreman and [Grand Jury] Panel other than what [was] stated in [the applicant's unlawful written] Application to Testify."

103. In addition to the Defendants' unlawful written Application, Defendants' scheme involved Defendants Dunn's and Newcomb's creation of a letter document providing notice to Applicants of their scheduled appearance before the Grand Jury Panel as requested by the applicant under Tenn. Code Ann.

§ 40-12-104 ("Scheduling Notice"). As an example, a true and exact copy of Defendants Dunn's and Newcomb's Scheduling Notice is attached herewith and labeled **Exhibit B**.

104. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendant Medlin endorsed and ratified the use of Defendants Dunn's and Newcomb's unlawful Scheduling Notice for applicants seeking to appear before a Sevier County Grand Jury.

105. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Clerk, Defendant Sevier County endorsed and ratified the use of Defendants Dunn's, Newcomb's, and Medlin's unlawful written Application for applicants seeking to appear before a Sevier County Grand Jury.

106. Defendants' unlawful written Scheduling Notice included the Clerk's transcription of the applicant's full legal name and address unlawfully obtained by the Defendants upon demand and receipt of the applicant's government-issued photo identification.

107. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendant Medlin endorsed and ratified Defendants Dunn's and Newcomb's unlawful demand for production of an applicant's government-issued photo identification in application to appear before a Sevier County Grand Jury.

108. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Clerk, Defendant Sevier County endorsed and ratified the use of Defendants Dunn's, Newcomb's, and Medlin's unlawful demand for production of an applicant's government-issued photo identification in application to appear before a Sevier County Grand Jury.

109. Defendants maintained no official duty, jurisdiction, or authority to require an applicant produce or provide government-issued photo identification to the Clerk or Defendants for the purposes of applying to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

110. Defendants' unlawful Scheduling Notice provided the following notice and unsolicited legal counsel to applicants:

> "Dear Applicant:
>
> Pursuant to the provisions of Tennessee law (T.C.A. 40-12-104, a copy of which is enclosed) states that any person having knowledge or proof of the commission of a public offense may testify before the Grand Jury.
>
> To begin this <u>application to testify process</u> [as emphasized], we would ask that you complete the enclosed <u>**SUMMARY FORM**</u> [as emphasized] ["Application"] and supply the Grand Jury with a summary statement of the actions that you believe were criminal acts. This summary should include the date, time, and location of the events. Please turn this form into the Foreman prior to the Grand Jury. See date listed below." (Ex. B).

The "date listed below" constituted an unlawful deadline imposed upon applicants seeking to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. §

40-12-104. Defendants' unlawful Scheduling Notice and unsolicited legal counsel continued:

> "Please understand that mere allegations will not be sufficient to warrant Grand Jury investigation; you must have direct knowledge or proof that criminal offenses have been committed. If you desire that the Grand Jury [P]anel consider testimony of other persons, you should submit the sworn affidavits of those persons so that the Grand Jury [P]anel can schedule that additional testimony, if needed.
>
> You may appear at the Grand Jury on the following date and time: Date: ______________________ Time: ___________[.]
>
> Summary and Application to Testify Form should be returned to the Grand Jury Foreman by this date: _________________[.]
>
> The cutoff date to request to appear before this Grand Jury is ________________[.]" (Ex. B).

The unlawful Scheduling Notice bears the signature of Defendant Medlin. The unlawful Scheduling Notice references enclosure of two documents, "1. Copy of T.C.A. 40-12-104" and "2. Summary and Application form." (Ex. B).

111. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendant Medlin endorsed and ratified Defendants Dunn's, Newcomb's, and Medlin's unlawful Scheduling Notice for applicants seeking to appear before a Sevier County Grand Jury.

112. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Clerk, Defendant Sevier County endorsed and ratified Defendants Dunn's and Newcomb's unlawful

Scheduling Notice for applicants seeking to appear before a Sevier County Grand Jury.

113. Defendants maintained no official duty, jurisdiction, or authority to schedule an individual's appearance before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

114. Defendants' unlawful Application and unlawful Scheduling Notice were assembled together with a photocopied excerpt of Tenn. Code Ann. § 40-12-104 produced from Defendant Dunn's law book. A true and exact copy of Defendants' excerpt of Tenn. Code Ann. § 40-12-104 is attached herewith and labeled **Exhibit C**.

115. Defendants Dunn's and Newcomb's unlawful Application, unlawful Scheduling Notice, and photocopied excerpt of Tenn. Code Ann. § 40-12-104 are collectively referred to hereinafter as Defendants' "Application Package".

116. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendant Medlin endorsed and ratified the use of Defendants Dunn's and Newcomb's unlawful Application Package for applicants seeking to appear before a Sevier County Grand Jury.

117. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Clerk, Defendant Sevier County endorsed and ratified Defendants Dunn's, Newcomb's, and

Medlin's unlawful Application Package for applicants seeking to appear before a Sevier County Grand Jury.

118. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, by and through the actions and inactions of the Clerk, the Clerk performed duties of an agent for each Defendant by notifying Defendants Dunn, Newcomb, and Medlin of an individual's request to appear before the Sevier County Grand Jury, by unlawfully obtaining an applicant's government-issued photo identification, by transcribing information unlawfully obtained from the applicant's government-issued photo identification upon Defendants' Scheduling Notice, by unlawfully scheduling the applicant's appearance before the Sevier County Grand Jury, by unlawfully distributing Defendants' Application Package to the applicant, by unlawfully collecting Application Packages the Clerk received from applicants, and by distributing unlawfully collected Application Packages to Defendants Dunn, Newcomb, and Medlin, and the DAGO, respectively.

119. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to collect information from the individual's government-issued photo identification for use by Defendants Dunn, Newcomb, and the DAGO.

120. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to contact the DAGO to schedule an Applicant's appearance before the Grand Jury.

121. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to collect Application Packages received by the Clerk.

122. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to impose a deadline for the return of an applicant's Application to occur not less than two weeks before the scheduled convening of a Sevier County Grand Jury.

123. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to produce a photocopy of the Application received by the Clerk for distribution to Defendants Dunn, Newcomb, Medlin, and the DAGO.

124. Defendants Dunn, Newcomb, and Medlin instructed and directed Defendant Sevier County to transmit the applicant's original Application received by the Clerk to Defendant Medlin.

125. Defendant Dunn instructed and directed his employees including, without limitation, Defendant Newcomb, to review the contents of an individual's Application prior to the applicant's unlawfully scheduled appearance before a Grand Jury.

126. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendants Dunn, Newcomb, and Medlin instructed the Clerk to deny distribution of the Application Package to any individual who refused to provide the Clerk with the individual's government-issued photo identification.

127. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Defendants Dunn, Newcomb, and Medlin instructed the Clerk to deny an individual's application to appear before the Sevier County Grand Jury unless and until the applicant first provided the Clerk with the applicant's completed Application and government-issued photo identification.

128. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Plaintiff was obligated to comply with Defendants' unlawful requirements imposed upon him for his appearance before a Grand Jury Panel on March 27, 2023 or be denied Plaintiff's application.

129. Prior to Plaintiff's appearance before a Grand Jury Panel on March 27, 2023, Plaintiff was obligated to complete and submit Defendants' unlawful Application to the Defendants or be denied Plaintiff's application to appear before a Grand Jury Panel on March 27, 2023.

130. Plaintiff complied with Defendants' unlawful requirements imposed upon him prior to his March 27, 2023 appearance before a Grand Jury Panel.

131. By and through information disclosed in Plaintiff's Application transmitted to Defendants Dunn, Newcomb, and Medlin prior to Plaintiff's appearance before a Grand Jury Panel on March 27, 2023, Defendants had actual knowledge of "the actions that [Plaintiff] believe[d] were criminal acts."

132. With this information, prior to March 27, 2023, Defendants Dunn and Newcomb discussed with Defendant Medlin, outside of the presence of other Grand Jurors and while official Grand Jury proceedings were not convened, the actions that Plaintiff believed were criminal acts disclosed to the Defendants in their unlawful Application unlawfully imposed upon and obtained from the Plaintiff.

133. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to discuss, outside of the presence of other Grand Jurors and while official Grand Jury proceedings were not convened, information disclosed to them in their unlawful Application imposed upon the Plaintiff.

134. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when discussing information disclosed to them in their unlawful Application imposed upon the Plaintiff.

135. With this information, prior to March 27, 2023, Defendants Dunn and Newcomb investigated the actions that Plaintiff believed were criminal acts disclosed to them in their unlawful Application imposed upon the Plaintiff.

136. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to investigate, outside the presence of other Grand Jurors, information disclosed to them in their unlawful Application imposed upon the Plaintiff.

137. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when investigating information disclosed to them in their unlawful Application imposed upon the Plaintiff.

138. Defendants Dunn and Newcomb made their own probable cause determinations upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

139. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to determine probable cause, outside of the presence of other Grand Jurors and while official Grand Jury proceedings were not convened, upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

140. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when determining probable cause upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

141. Defendants Dunn and Newcomb discussed with Defendant Medlin, outside of the presence of other Grand Jurors and while official Grand Jury

proceedings were not convened, their own probable cause determinations made upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

142. Defendants Dunn and Newcomb maintained no official duty, jurisdiction, or authority to discuss probable cause with Defendant Medlin, outside of the presence of other Grand Jurors and while official Grand Jury proceedings were not convened, upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

143. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when discussing probable cause upon disclosed to them in their unlawful Application imposed upon the Plaintiff.

144. Defendants Dunn, Newcomb, and Medlin utilized their Application Package as a tool to deter individuals from appearing before Sevier County Grand Juries as afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

145. A grand jury was empaneled by an order of the court to conduct official Grand Jury proceedings on March 27, 2023.

146. As Defendants unlawfully required, Plaintiff presented himself to the Clerk in application to appear before the Grand Jury scheduled to convene for official proceedings on March 27, 2023.

147. Upon presenting himself in application to the Clerk, the Clerk, acting for and on behalf of the Defendants, demanded the Plaintiff provide the Clerk with Plaintiff's government-issued photo identification.

148. Plaintiff provided Defendants with his government-issued photo identification as Defendants required.

149. Plaintiff witnessed the Clerk produce a photocopy of Plaintiff's government-issued photo identification.

150. Plaintiff witnessed the Clerk utilize the photocopy she produced of Plaintiff's government-issued photo identification to prepare Defendants Scheduling Notice for the Plaintiff.

151. Plaintiff received Defendants' Application Package from the Clerk.

152. Plaintiff returned to the Clerk an original and one photocopy of Plaintiff's completed Application.

153. Plaintiff witnessed the Clerk use a date filing stamp to stamp the filing date of Plaintiff's submitted Application on the original Application.

154. Plaintiff witnessed the Clerk use a date filing stamp to stamp the filing date of Plaintiff's photocopy of the Application.

155. Plaintiff received from the Clerk his file-stamped copy of Plaintiff's photocopied Application.

156. Defendant Sevier County distributed Plaintiff's original Application to Defendant Medlin.

157. Defendant Sevier County distributed a photocopy of Plaintiff's Application to Defendants Dunn, Newcomb, and the DAGO.

158. Defendant Newcomb received a photocopy of Plaintiff's Application that Plaintiff submitted to Defendant Sevier County.

159. Defendant Newcomb transmitted a copy of Plaintiff's Application to Defendant Dunn.

160. Defendant Newcomb transmitted a copy of Plaintiff's Application to other employees of the DAGO.

161. Prior to the March 27, 2023 Grand Jury proceedings, Defendants Dunn and Newcomb instructed and directed DAGO employees to investigate contents of Plaintiff's Application.

162. Prior to the March 27, 2023 Grand Jury proceedings, Defendants Dunn and Newcomb instructed and directed DAGO employees to contact the individual identified in Plaintiff's Application.

163. Prior to the March 27, 2023 Grand Jury proceedings, Defendants Dunn and Newcomb conferred with DAGO employees, the individual identified in Plaintiff's Application, and other individuals about Plaintiff's allegations described in the Application.

164. Prior to the March 27, 2023 Grand Jury proceedings, Defendant Dunn conspired together with Defendant Newcomb, Defendant Medlin, the individual identified in Plaintiff's Application, and other individuals to deny Plaintiff's application to appear before the Grand Jury empaneled on March 27, 2023.

165. Prior to the March 27, 2023 Grand Jury proceedings, Defendant Dunn conspired together with Defendant Newcomb and Defendant Medlin to demand that Plaintiff first execute a Waiver of Constitutional Rights[3] or be denied his application to appear before a Grand Jury Panel on March 27, 2023.

166. Defendant Medlin served as Grand Jury Foreperson for Grand Jury proceedings conducted on March 27, 2023.

167. For good cause and reasonable belief, the Grand Jury did not request the presence of Defendant Dunn or any assistant district attorney general during Grand Jury proceedings conducted March 27, 2023.

168. For good cause and reasonable belief, the Grand Jury Panel did not request the presence of Defendant Dunn or any assistant district attorney general during Grand Jury proceedings conducted March 27, 2023.

---

3 Defendants are not accused in this action of criminal violations attributable to conduct witnessed on March 27, 2023. Those accusations are contained in a civil action styled *Erik Cooper v. James Bruce Dunn, et. al.*, civil action case number 3:24-CV-00134, pending in the United States District Court for the Eastern District of Tennessee.

169. Defendant Dunn provided supervision, direction, and guidance to Defendant Newcomb for Grand Jury proceedings conducted March 27, 2023.

170. Defendant Newcomb appeared before the Grand Jury Panel during Grand Jury Panel proceedings conducted March 27, 2023.

171. On March 27, 2023, before Plaintiff offered any testimony or evidence to the Grand Jury Panel, Defendants Newcomb and Medlin demanded that Plaintiff first execute Defendants' Waiver of Constitutional Rights[3] or be denied his application to offer testimony and evidence to the Grand Jury Panel.

172. On March 27, 2023, Plaintiff refused to execute the Defendants' Waiver without first consulting legal counsel.

173. On March 27, 2023, Plaintiff's application to appear before the Grand Jury Panel was unlawfully denied by the Defendants.

174. Defendant Medlin violated his Oath of Grand Jury Foreman on March 27, 2023.

175. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to require a written application from any individual seeking to appear before a Grand Jury on March 27, 2023.

176. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury

Foreperson to require submission of any written application by a deadline from any individual seeking to appear before a Grand Jury on March 27, 2023.

177. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to demand or to obtain any government-issued photo identification from any individual seeking to appear before a Grand Jury on March 27, 2023.

178. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to deny an individual's application to appear before a Grand Jury on March 27, 2023 unless and until the applicant first provided the applicant's government-issued photo identification.

179. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to schedule an individual's appearance in application to appear before a Grand Jury on March 27, 2023.

180. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to obtain information from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

181. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to distribute information from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

182. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to investigate information obtained from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

183. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to formulate an opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on March 27, 2023.

184. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to formulate a probable cause opinion or determination from information obtained from any written application required from any individual seeking to appear before a Grand Jury on March 27, 2023.

185. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to disclose Defendants' probable cause opinions or determinations to other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on March 27, 2023.

186. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to affect the probable cause opinions or determinations of other Grand Jurors from information Defendant Medlin obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on March 27, 2023.

187. Defendant Medlin served as a Grand Juror for Grand Jury proceedings conducted on March 27, 2023.

188. Defendant Medlin attended and participated as a voting member of the Grand Jury on March 27, 2023.

189. Defendant Medlin attended and participated as a voting member of the Grand Jury Panel on March 27, 2023.

190. Defendant Medlin affirmatively swore to the following Oath of a Grand Juror before serving on March 27, 2023:

> "You as members of the grand jury do solemnly swear (or affirm) that you will diligently inquire, and true presentment make, of all offenses given you in charge, or otherwise brought to your knowledge, committed or triable within this county; that you will keep secret the state's counsel, the other jurors' and your own; that you will present no person from hatred, malice, or ill will, nor leave any unrepresented through fear, favor, or affection, or for any reward, or the promise or hope thereof, but that you will present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding. So help you God."

191. Defendant Medlin violated his Oath of a Grand Juror on March 27, 2023.

192. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to require a written application from any individual seeking to appear before a Grand Jury on March 27, 2023.

193. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to require submission of any written application by a deadline from any individual seeking to appear before a Grand Jury on March 27, 2023.

194. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to demand or to obtain any government-issued photo identification from any individual seeking to appear before a Grand Jury on March 27, 2023.

195. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to schedule an individual's appearance in application to appear before a Grand Jury on March 27, 2023.

196. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to obtain information from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

197. Defendant Medlin, in his official capacity as Grand Jury, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to distribute information from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

198. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to investigate information obtained from any written application required of any individual seeking to appear before a Grand Jury on March 27, 2023.

199. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to formulate an opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on March 27,

2023.

200. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to formulate a probable cause opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on March 27, 2023.

201. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to disclose Defendants' probable cause opinions or determinations to other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on March 27, 2023.

202. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to affect the probable cause opinions or determinations of other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on March 27, 2023.

203. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson,

endorsed and ratified Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

204. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' deadline for submission of Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

205. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' demand to obtain Plaintiff's government-issued photo identification as an applicant seeking to appear before the March 27, 2023 Grand Jury.

206. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on March 27, 2023 unless and until Plaintiff first provided Defendants the Plaintiff's government-issued photo identification.

207. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' scheduling of Plaintiff's appearance in

application to appear before a Grand Jury on March 27, 2023.

208. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on March 27, 2023 unless and until Plaintiff appeared as unlawfully scheduled by the Defendants.

209. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' collection of information from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

210. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' distribution of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

211. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' investigation of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking

to appear before the March 27, 2023 Grand Jury.

212. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' formulation of an opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

213. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' formulation of a probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

214. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' disclosure to Grand Jurors of Defendants' probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

215. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' disclosure to Grand Jurors of their probable

cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

216. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

217. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' deadline for submission of Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

218. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' demand to obtain Plaintiff's government-issued photo identification as an applicant seeking to appear before the March 27, 2023 Grand Jury.

219. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear

before a Grand Jury on March 27, 2023 unless and until Plaintiff first provided Defendants the Plaintiff's government-issued photo identification.

220. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' scheduling of Plaintiff's appearance in application to appear before a Grand Jury on March 27, 2023.

221. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on March 27, 2023 unless and until Plaintiff appeared as unlawfully scheduled by the Defendants.

222. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' collection of information from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

223. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' distribution of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear

before the March 27, 2023 Grand Jury.

224. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' investigation of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

225. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' formulation of an opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

226. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' formulation of a probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

227. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' disclosure to Grand Jurors of Defendants' probable cause opinion from information obtained from Defendants' unlawful Application

required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

228. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' disclosure to Grand Jurors of their probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the March 27, 2023 Grand Jury.

229. In addition to the foregoing criminal violations and tortious acts, on March 27, 2023, Defendants Dunn, Newcomb, and Medlin utilized a new tool -- their Waiver of Constitutional Rights[3,4] -- to obstruct justice and to prevent Plaintiff from appearing before the March 27, 2023 Sevier County Grand Jury to provide Plaintiff's testimony and evidence of triable and indictable offenses committed in Sevier County as afforded under Tenn. Code Ann. § 40-12-104.

230. On March 27, 2023, Defendants Dunn, Newcomb, and Medlin succeeded in their efforts to obstruct justice and prevent Plaintiff from appearing before the Grand Jury Panel unless and until Plaintiff first executed the Defendants' Waiver of Constitutional Rights.

---

4 Defendant's Waiver of Constitutional Rights is also referred to as "Waiver of Immunity."


Case 3:24-cv-00315-KAC-JEM Document 1 Filed 07/24/24 Page 58 of 138
PageID #: 58

231. On March 27, 2023, in violation of Tenn. Code Ann. § 40-12-104, Defendants prohibited Plaintiff from offering a Sevier County Grand Jury testimony or evidence of public offenses triable or indictable in Sevier County.

232. On or about April 20, 2023, Plaintiff filed a Petition for Judicial Interpretation and Relief in state court styled *In Re: Sevier County Grand Jury, Erik Cooper, Petitioner to Appear Before the Sevier County Grand Jury*," case number 2023-PJ-04-03, seeking declaratory relief to declare the rights of Plaintiff when appearing before the Sevier County Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

233. On May 1, 2023, only hours before Plaintiff's appearance before a Sevier County Grand Jury upon his application accusing Defendant Newcomb of criminal violations committed during official Grand Jury proceedings conducted on March 27, 2023, the state court entered an order in case number 2023-PJ-04-03 granting Plaintiff's Petition and declaring, in relevant part, that Plaintiff was not required to execute Defendants' Waiver of Constitutional Rights to appear before a Sevier County Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

234. Following the state court's ruling entered on May 1, 2023, Defendants ended their unlawful practice of requiring applicants seeking to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104 to first execute a Waiver of Constitutional Rights or be denied the individual's application.

235. Defendants continued their unlawful scheme to obtain information from applicants seeking to appear before the May 1, 2023 Sevier County Grand Jury under Tenn. Code Ann. § 40-12-104.

236. Defendants utilized their Application Package in violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104.

237. Defendants maintained no official duty, jurisdiction, or authority to require an applicant to submit Defendants' unlawful Application by Defendants' unlawful deadline or be denied the individual's application to appear before a Grand Jury Panel on May 1, 2023.

238. Defendants maintained no official duty, jurisdiction, or authority to require an applicant produce or provide government-issued photo identification to the Clerk or Defendants for the purposes of applying to appear before a Grand Jury Panel on May 1, 2023 as afforded under Tenn. Code Ann. § 40-12-104.

239. Defendants maintained no official duty, jurisdiction, or authority to schedule an individual's appearance before a Grand Jury Panel on May 1, 2023 as afforded under Tenn. Code Ann. § 40-12-104.

240. In violation of an individual's rights afforded under Tenn. Code Ann. § 40-12-104, Plaintiff was obligated to comply with Defendants' unlawful requirements imposed upon him for his appearance before a Grand Jury Panel on May 1, 2023 or be denied Plaintiff's application.

241. Prior to Plaintiff's appearance before a Grand Jury Panel on May 1, 2023, Plaintiff was obligated to complete and submit to the Defendants an Application or be denied Plaintiff's application to appear before a Grand Jury Panel on May 1, 2023.

242. Plaintiff complied with Defendants' unlawful requirements imposed upon him prior to his May 1, 2023 appearance before a Grand Jury Panel.

243. By and through information disclosed in Plaintiff's Application transmitted to Defendants Dunn, Newcomb, and Medlin prior to Plaintiff's appearance before a Grand Jury Panel on May 1, 2023, Defendants had actual knowledge of "the actions that [Plaintiff] believe[d] were criminal acts."

244. With this information, prior to May 1, 2023, Defendants Dunn and Newcomb discussed with Defendant Medlin, outside the presence of other Grand Jurors, the actions that Plaintiff believed were criminal acts disclosed to them in their unlawful Application imposed upon the Plaintiff.

245. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to discuss, outside the presence of other Grand Jurors, information disclosed to them in their unlawful Application imposed upon the Plaintiff.

246. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when discussing information disclosed to them in their

unlawful Application imposed upon the Plaintiff.

247. With this information, prior to May 1, 2023, Defendants Dunn and Newcomb investigated the actions that Plaintiff believed were criminal acts disclosed to them in their unlawful Application imposed upon the Plaintiff.

248. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to investigate, outside the presence of other Grand Jurors, information disclosed to them in their unlawful Application imposed upon the Plaintiff.

249. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when investigating information disclosed to them in their unlawful Application imposed upon the Plaintiff.

250. Defendants Dunn and Newcomb made their own probable cause determinations upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

251. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority to determine probable cause, outside the presence of other Grand Jurors, upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

252. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when determining probable cause upon information disclosed

to them in their unlawful Application imposed upon the Plaintiff.

253. Defendants Dunn and Newcomb discussed with Defendant Medlin, outside the presence of other Grand Jurors, their own probable cause determinations made upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

254. Defendants Dunn and Newcomb maintained no official duty, jurisdiction, or authority to discuss probable cause with Defendant Medlin, outside the presence of other Grand Jurors, upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

255. Defendants Dunn, Newcomb, and Medlin each acted in their individual capacity when discussing probable cause upon disclosed to them in their unlawful Application imposed upon the Plaintiff.

256. Defendants Dunn, Newcomb, and Medlin utilized their Application Package as a tool to deter individuals from appearing before Sevier County Grand Juries as afforded under Tenn. Code Ann. § 40-12-104 on May 1, 2023.

257. A grand jury was empaneled by an order of the court to conduct official Grand Jury proceedings on May 1, 2023.

258. As Defendants unlawfully required, Plaintiff presented himself to the Clerk in application to appear before the Grand Jury scheduled to convene for official proceedings on May 1, 2023.

259. Upon presenting himself in application to the Clerk, the Clerk, acting for and on behalf of the Defendants, demanded the Plaintiff provide the Clerk with Plaintiff's government-issued photo identification.

260. Plaintiff provided Defendants with his government-issued photo identification as Defendants required.

261. Plaintiff witnessed the Clerk produce a photocopy of Plaintiff's government-issued photo identification.

262. Plaintiff witnessed the Clerk utilize the photocopy she produced of Plaintiff's government-issued photo identification to prepare Defendants Scheduling Notice for the Plaintiff.

263. Plaintiff received Defendants' Application Package from the Clerk.

264. Plaintiff returned to the Clerk an original and one photocopy of Plaintiff's completed Applications.

265. Plaintiff witnessed the Clerk use a date filing stamp to stamp the filing date of Plaintiff's submitted Applications on the original Application.

266. Plaintiff witnessed the Clerk use a date filing stamp to stamp the filing date of Plaintiff's photocopy of the Applications.

267. Plaintiff received from the Clerk his file-stamped copy of Plaintiff's photocopied Applications.

268. Defendant Sevier County distributed Plaintiff's original Applications to Defendant Medlin.

269. Defendant Sevier County distributed a photocopy of Plaintiff's Applications to Defendants Dunn, Newcomb, and the DAGO.

270. Defendant Newcomb received a photocopy of Plaintiff's Applications that Plaintiff submitted to Defendant Sevier County.

271. Plaintiff's Applications alleged that Defendant Newcomb committed various criminal offenses during official Grand Jury proceedings conducted on March 27, 2023.

272. Defendant Newcomb transmitted a copy of Plaintiff's Applications to Defendant Dunn.

273. Defendant Newcomb transmitted a copy of Plaintiff's Applications to other employees of the DAGO.

274. Prior to the May 1, 2023 Grand Jury proceedings, Defendants Dunn and Newcomb conferred with DAGO employees and other individuals about Plaintiff's allegations described in the Applications.

275. Prior to the May 1, 2023 Grand Jury proceedings, Defendant Dunn conspired together with Defendant Newcomb, Defendant Medlin, and other individuals to obstruct Plaintiff's appearance before a Grand Jury Panel on May 1, 2023 accusing Defendant Newcomb of various criminal offenses occurring on

March 27, 2023 during official Grand Jury proceedings.

276. Prior to Plaintiff's unlawfully scheduled appearance on May 1, 2023, Defendant Dunn obtained a true bill Presentment[5] from the same Grand Jurors that Defendants had unlawfully scheduled Plaintiff to appear before on May 1, 2023 upon Plaintiff's applications accusing Defendant Newcomb of various criminal violations occurring on March 27, 2023.

277. Defendants relied upon their unlawful Application to obtain information from Plaintiff prior to Plaintiff's appearance before a Grand Jury Panel on May 1, 2023, or be denied Plaintiff's application.

278. Defendants relied upon their unlawful deadline for submission of Plaintiff's unlawful written Application to provide for a period of not less than two weeks before Plaintiff's May 1, 2023 Grand Jury appearance to allow sufficient time for Defendants Dunn, Newcomb, and Medlin to conspire together to obstruct Plaintiff's appearance before a Grand Jury Panel and Plaintiff's efforts to obtain an indictment against Defendant Newcomb.

279. Defendants relied upon their unlawful Application to obtain information from the Plaintiff as an applicant seeking to appear before a Grand

---

5 Defendants are not accused in this action of criminal violations attributable to conduct witnessed on May 1, 2023. Those accusations are contained in a civil action styled *Erik Cooper v. James Bruce Dunn, et. al.*, civil action case number 3:24-CV-00188, pending in the United States District Court for the Eastern District of Tennessee.

Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

280. Defendants Dunn and Newcomb investigated information disclosed to each of them in their unlawful Application imposed upon the Plaintiff.

281. Defendants Dunn and Newcomb formulated their own probable cause determinations upon information disclosed to them in their unlawful Application imposed upon the Plaintiff.

282. Defendants Dunn Newcomb, in conspiracy with Defendant Medlin and Defendant Sevier County, scheduled Plaintiff's appearance before the Grand Jury on March 27, 2023 to provide the Defendants with notice and knowledge of Plaintiff's scheduled application to appear before the Grand Jury Panel.

283. Defendant Dunn and Defendant Newcomb, in conspiracy with Defendant Medlin and Defendant Sevier County, scheduled Plaintiff's appearance before the Grand Jury on May 1, 2023 to provide the Defendants with notice and knowledge of Plaintiff's scheduled application to appear before the Grand Jury Panel.

284. On March 27, 2023, Defendant Newcomb provided the Grand Jury his own probable cause opinion during official Grand Jury proceedings.

285. Defendants Dunn, Newcomb, and Defendant Medlin obstructed justice and interfered with the independent findings and determinations of a Grand Jury on March 27, 2023.

286. On May 1, 2023, Defendant Dunn provided the Grand Jury his own probable cause opinion during official Grand Jury proceedings.

287. Defendants Dunn and Medlin obstructed justice and interfered with the independent findings and determinations of a Grand Jury on May 1, 2023.

288. Defendant Medlin served as Grand Jury Foreperson for official Grand Jury proceedings conducted on May 1, 2023.

289. Defendant Medlin violated his Oath of Grand Jury Foreman on May 1, 2023.

290. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to require a written application from any individual seeking to appear before a Grand Jury on May 1, 2023.

291. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to require submission of any written application by a deadline from any individual seeking to appear before a Grand Jury on May 1, 2023.

292. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to demand or to obtain any government-issued photo identification from any individual seeking to appear before a Grand Jury on May 1, 2023.

293. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to deny an individual's application to appear before a Grand Jury on May 1, 2023 unless and until the applicant first provided the applicant's government-issued photo identification.

294. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to schedule an individual's appearance in application to appear before a Grand Jury on May 1, 2023.

295. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to obtain information from any written application required of any individual seeking to appear before a Grand Jury on May 1, 2023.

296. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to distribute information from any written application required of any individual seeking to appear before a Grand Jury on May 1, 2023.

297. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to investigate information obtained from any written application

required of any individual seeking to appear before a Grand Jury on May 1, 2023.

298. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to formulate an opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on May 1, 2023.

299. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to formulate a probable cause opinion or determination from information obtained from any written application required from any individual seeking to appear before a Grand Jury on May 1, 2023.

300. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to disclose Defendants' probable cause opinions or determinations to other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on May 1, 2023.

301. Defendant Medlin, in his official capacity as Grand Jury Foreperson, maintained no official duty, jurisdiction, or authority granted to him as Grand Jury Foreperson to affect the probable cause opinions or determinations of other Grand

Jurors from information Defendant Medlin obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on May 1, 2023.

302. Defendant Medlin served as a Grand Juror for official Grand Jury proceedings conducted on May 1, 2023.

303. Defendant Medlin violated his Oath of a Grand Juror on May 1, 2023.

304. Defendant Medlin attended and participated as a voting member of the Grand Jury on May 1, 2023.

305. Defendant Medlin attended and participated as a voting member of the Grand Jury Panel on May 1, 2023.

306. Defendant Medlin affirmatively swore to the following Oath of a Grand Juror before serving on May 1, 2023:

> "You as members of the grand jury do solemnly swear (or affirm) that you will diligently inquire, and true presentment make, of all offenses given you in charge, or otherwise brought to your knowledge, committed or triable within this county; that you will keep secret the state's counsel, the other jurors' and your own; that you will present no person from hatred, malice, or ill will, nor leave any unrepresented through fear, favor, or affection, or for any reward, or the promise or hope thereof, but that you will present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding. So help you God."

307. Defendant Medlin violated his Oath of a Grand Juror on May 1, 2023.

308. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to require a written application from any individual seeking to appear before a Grand Jury on May 1, 2023.

309. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to require submission of any written application by a deadline from any individual seeking to appear before a Grand Jury on May 1, 2023.

310. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to demand or to obtain any government-issued photo identification from any individual seeking to appear before a Grand Jury on May 1, 2023.

311. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to schedule an individual's appearance in application to appear before a Grand Jury on May 1, 2023.

312. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to obtain information from any written application required of any individual seeking to appear before a Grand Jury on May 1, 2023.

313. Defendant Medlin, in his official capacity as Grand Jury, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to distribute information from any written application required of any individual seeking to appear before a Grand Jury on May 1, 2023.

314. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to investigate information obtained from any written application required of any individual seeking to appear before a Grand Jury on May 1, 2023.

315. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to formulate an opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on May 1, 2023.

316. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to formulate a probable cause opinion from information obtained from any written application required from any individual seeking to appear before a Grand Jury on May 1, 2023.

317. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to disclose

Defendants' probable cause opinions or determinations to other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on May 1, 2023.

318. Defendant Medlin, in his official capacity as Grand Juror, maintained no official duty, jurisdiction, or authority granted to him as Grand Juror to affect the probable cause opinions or determinations of other Grand Jurors from information Defendants obtained from any written application required from the Plaintiff prior to Plaintiff's attempted appearance before a Grand Jury Panel on May 1, 2023.

319. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023Grand Jury.

320. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' deadline for submission of Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023Grand Jury.

321. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' demand to obtain Plaintiff's government-issued photo identification as an applicant seeking to appear before the May 1, 2023 Grand Jury.

322. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on May 1, 2023 unless and until Plaintiff first provided Defendants the Plaintiff's government-issued photo identification.

323. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' scheduling of Plaintiff's appearance in application to appear before a Grand Jury on May 1, 2023.

324. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on May 1, 2023 unless and until Plaintiff appeared as unlawfully scheduled by the Defendants.

325. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' collection of information from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

326. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' distribution of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

327. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' investigation of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

328. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' formulation of an opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

329. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' formulation of a probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

330. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' disclosure to Grand Jurors of Defendants' probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

331. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Jury Foreperson, endorsed and ratified Defendants' disclosure to Grand Jurors of their probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

332. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' unlawful Application required from Plaintiff as an

applicant seeking to appear before the May 1, 2023 Grand Jury.

333. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' deadline for submission of Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

334. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' demand to obtain Plaintiff's government-issued photo identification as an applicant seeking to appear before the May 1, 2023 Grand Jury.

335. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on May 1, 2023 unless and until Plaintiff first provided Defendants the Plaintiff's government-issued photo identification.

336. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' scheduling of Plaintiff's appearance in application to appear before a Grand Jury on May 1, 2023.

337. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' consequence of denying Plaintiff's application to appear before a Grand Jury on May 1, 2023 unless and until Plaintiff appeared as unlawfully scheduled by the Defendants.

338. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' collection of information from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

339. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' distribution of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

340. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' investigation of information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

341. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' formulation of an opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

342. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' formulation of a probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

343. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' disclosure to Grand Jurors of Defendants' probable cause opinion from information obtained from Defendants' unlawful Application required from Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

344. Defendant Medlin, in his individual capacity and in violation of his official duties, jurisdiction and authority granted to him as Grand Juror, endorsed and ratified Defendants' disclosure to Grand Jurors of their probable cause opinion from information obtained from Defendants' unlawful Application required from

Plaintiff as an applicant seeking to appear before the May 1, 2023 Grand Jury.

345. On July 13, 2023, Plaintiff filed a Petition for Judicial Interpretation and Relief During Grand Jury Proceedings Scheduled July 31, 2023 ("Petition") in state court action styled *In Re: Sevier County Grand Jury, Erik Cooper, Petitioner to Appear Before the Sevier County Grand Jury*," case number 2023-PJ-07-13, seeking declaratory relief declaring the rights of the Plaintiff when appearing before the Sevier County Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

346. During a state court hearing on Plaintiff's Petition, Defendant Dunn admitted during his oral argument given July 25, 2023 that he intended to obstruct Plaintiff's access to grand juries empaneled before May 1, 2023 because:

> *"The thing that's in front of the Court today is a hodgepodge of 2016 events that occurred in 2016, 2017, wherein a person or persons could have their reputations, could have their jobs, or their standing in the community having been indicted of something they were not probable caused to believe that it occurred."*

By his own admission, Defendant Dunn, the elected district attorney general for the Fourth Judicial District of Tennessee, obstructed justice during the Plaintiff's appearances before grand juries prior to May 1, 2023 because, in Defendant Dunn's own unqualified and unlawful opinion, allegations the Plaintiff sought to present to grand juries of triable and indictable offenses were, according to Defendant Dunn, devoid of probable cause.

347. On July 26, 2023, the state court entered an order in case number 2023-PJ-07-13 granting Plaintiff's Petition and declaring, in relevant part, "[t]hat T.C.A. § 40-12-104 does not require the [Plaintiff] to submit a written application to appear before the Sevier County Grand Jury[;]" "[t]hat T.C.A. § 40-12-104 does not require the [Plaintiff] to apply by a certain deadline in order to invoke the procedure outlined in said statute[;]" "[t]hat T.C.A. § 40-12-104 does not require the [Plaintiff] to schedule his appearance before the Sevier County Grand Jury and the same may be accomplished by presenting himself to the Grand Jury Foreman on the date of July 31, 2023[;]" "[t]hat as the [Plaintiff] is not being compelled to testify in the Sevier County Grand Jury by Subpoena of the State of Tennessee, or otherwise, he does not have to execute a written Waiver of [Constitutional Rights] in order to invoke the provisions of T.C.A. § 40-12-104."

348. Following the state court's ruling entered on July 26, 2023, Defendants ended their unlawful practice of requiring written Applications from individuals seeking to appear before a Sevier County Grand Jury, ended their unlawful practice of requiring submission of Defendants' unlawful Application by Defendants' unlawful deadline, ended their unlawful practice of demanding an individual's government-issued photo identification to appear before a Grand Jury Panel, and ended their unlawful practice of scheduling an applicant's appearance before Sevier County Grand Juries.

349. Defendants failed to preserve and protect Plaintiff's rights as a victim of crime to justice and due process in violation of Article I, § 35 of the Tennessee Constitution.

350. At all times relevant to this action, Defendant Dunn had knowledge of the acts and conduct of Defendant Newcomb and Defendant Medlin as alleged herein.

351. At all times relevant to this action, Defendant Newcomb had knowledge of the acts and conduct of Defendant Dunn and Defendant Medlin as alleged herein.

352. At all times relevant to this action, Defendant Medlin had knowledge of the acts and conduct of Defendant Dunn and Defendant Newcomb as alleged herein.

353. At all times relevant to this action, Defendant Sevier County had knowledge of the acts and conduct of Defendant Dunn, Defendant Newcomb, and Defendant Medlin as alleged herein.

354. The actions, inactions, and conduct of the Defendants violated Plaintiff's rights afforded under the First and Fourteenth Amendments to the United States Constitution, under Article I, § 35 of the Tennessee Constitution, under Tenn. Code Ann. §§ 40-12-104 (application to testify by person having knowledge of commission of offense), § 39-16-507 (coercion or persuasion of

a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), 39-17-309 (civil rights intimidation), 39-16-510 (retaliation for past action), and federal and state common laws.

/////

## CAUSES OF ACTION

## COUNT I:

## FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

**(Against All Defendants)**

355. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

356. At all times relevant to this Complaint, Plaintiff had First Amendment rights as a citizen that were not inconsistent with his status as an applicant under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

357. At all times relevant to this Complaint, Plaintiff had First Amendment rights as a citizen that were not inconsistent with his status as an applicant under Tenn. Code Ann. § 40-12-104 on May 1, 2023.

358. Retaliation based upon a citizen's exercise of his constitutional rights violates the United States Constitution.

359. By appearing before a Grand Jury Panel as an applicant under Tenn. Code Ann. § 40-12-104, Plaintiff engaged in speech and expression protected by the First and Fourteenth Amendment to the Constitution, and the state court's order did not hold otherwise.

360. In retaliation for Plaintiff engaging in speech and expression protected by the Constitution, Defendants planned and then took extreme adverse actions against the Plaintiff including, but not limited to, subjecting Plaintiff to a wrongful investigation, wrongful obstruction, and wrongful denial of Plaintiff's rights afforded to him as an applicant under Tenn. Code Ann. § 40-12-104.

361. The adverse actions that Defendants took against Plaintiff would deter a person of ordinary firmness from continuing to engage in constitutionally protected conduct and would likely have a strong deterrent effect on others similarly situated, which is precisely what Defendants' actions were designed to do.

362. Defendants took adverse actions against Plaintiff, at least in part, because of Plaintiff's exercise of constitutionally protected conduct and his clearly established First Amendment rights.

363. Defendants took adverse actions against Plaintiff, at least in part, because Defendants disagreed with the viewpoint that Plaintiff had expressed.

364. Defendants took adverse actions against Plaintiff on March 27, 2023, at least in part, to shield an individual from a Grand Jury's true bill indictment.

365. Defendants took adverse actions against Plaintiff on May 1, 2023, at least in part, to shield Defendant Newcomb from a Grand Jury's true bill indictment.

366. Defendants took adverse actions against Plaintiff, at least in part, because Defendants wished to see Plaintiff suffer significant consequences for his constitutionally protected speech.

367. Defendants took adverse actions against Plaintiff, at least in part, because the Defendants wished to see Plaintiff suffer significant consequences for his exercise of rights granted the Plaintiff under Tenn. Code Ann. § 40-12-104.

368. Defendants took adverse actions against Plaintiff, at least in part, because Defendants do not respect fundamental First Amendment guarantees and because Defendants do not believe they are or should be constrained by them.

369. As a proximate result of Defendants' unconstitutional retaliation against Plaintiff, Plaintiff suffered damages.

## COUNT II:

## DENIAL OF EQUAL PROTECTION (42 U.S.C. § 1983)

**(Against All Defendants)**

370. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

371. Plaintiff was not the only person to apply to appear before a Grand Jury in the Fourth Judicial District of Tennessee under Tenn. Code Ann. § 40-12-104.

372. Dozens upon dozens of other individuals applied to appear before a Grand Jury in the Fourth Judicial District of Tennessee under Tenn. Code Ann. § 40-12-104 for a period of at least ten years before March 27, 2023.

373. Even though similarly situated individuals applied to appear before a Grand Jury in the Fourth Judicial District of Tennessee for a period of at least ten years before March 27, 2023, no similarly situated individual in Cocke County, Jefferson County, or Grainger County was required by any Defendant to execute a written application or be denied the individual's application to appear before a Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

374. Even though similarly situated individuals applied to appear before a Grand Jury in the Fourth Judicial District of Tennessee for a period of at least ten years before March 27, 2023, no similarly situated individual in Cocke County, Jefferson County, or Grainger County was required by any Defendant to submit a written application by a deadline or be denied the individual's application to appear before a Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

375. Even though similarly situated individuals applied to appear before a Grand Jury in the Fourth Judicial District of Tennessee for a period of at least ten years before March 27, 2023, no similarly situated individual in Cocke County, Jefferson County, or Grainger County was required by any Defendant to submit a government-issued photo identification or be denied the individual's application to

appear before a Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

376. Even though similarly situated individuals applied to appear before a Grand Jury in the Fourth Judicial District of Tennessee for a period of at least ten years before March 27, 2023, no similarly situated individual in Cocke County, Jefferson County, or Grainger County was required by any Defendant to appear as scheduled by the Defendants or be denied the individual's application to appear before a Grand Jury as afforded under Tenn. Code Ann. § 40-12-104.

377. Similarly situated individuals who applied or appeared before a Grand Jury in the Fourth Judicial District of Tennessee for a period of at least ten years before March 27, 2023 were not subject to the same treatment Plaintiff received because the subject matter of their applications or appearances did not involve criminal allegations levied against a District Attorney General, an assistant district attorney general, an attorney, or another individual in disfavor of the Defendants.

378. Defendants treated Plaintiff disparately as compared to similarly situated persons, and such disparate treatment burdened Plaintiff's fundamental and clearly established First Amendment rights.

379. Defendants treated Plaintiff disparately as compared to similarly situated persons, and such disparate treatment burdened the Plaintiff's fundamental and clearly established rights afforded under Tenn. Code Ann. § 40-12-104.

380. Defendants treated Plaintiff disparately as compared to similarly situated persons, and such disparate treatment had no rational basis.

381. Defendants' disparate treatment of Plaintiff contravened the Fourteenth Amendment and deprived Plaintiff of the equal protection of the laws.

382. As a proximate result of Defendants' disparate treatment of Plaintiff, Plaintiff suffered actual and severe damages.

## COUNT III:

## CIVIL CONSPIRACY / AGENCY LIABILITY (42 U.S.C. § 1983)

**(Against All Defendants)**

383. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

384. At all times relevant to this matter, Defendants acted in concert with, at the direction of, and as agents of, one another to commit the foregoing tortious misconduct, and all Defendants acted under color of law.

385. At all times relevant to this matter, Defendants had the intent and knowledge of one another's intent to accomplish by concert an unlawful purpose -- or to accomplish by concert a lawful purpose by unlawful means -- all of the foregoing tortious misconduct, including conspiring with one another to effect the obstruction and denial of Plaintiff's appearance before a Grand Jury or Grand Jury

Panel under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

386. At all times relevant to this matter, Defendants had the intent and knowledge of one another's intent to accomplish by concert an unlawful purpose -- or to accomplish by concert a lawful purpose by unlawful means -- all of the foregoing tortious misconduct, including conspiring with one another to effect the obstruction and denial of Plaintiff's appearance before a Grand Jury or Grand Jury Panel under Tenn. Code Ann. § 40-12-104 on May 1, 2023.

387. Defendants conspired with one another and agreed to injure Plaintiff through unconstitutional actions under color of law.

388. Each Defendant shared in the general conspiratorial objective to injure Plaintiff for Plaintiff's efforts to appear before a Grand Jury or Grand Jury Panel to provide evidence and testimony of triable and indictable offenses occurring in Sevier County.

389. Defendants are liable for one another's acts undertaken in furtherance of their civil conspiracy, and each Defendant is jointly and severally liable for the unlawful acts of each other Defendant pursuant to Tenn. Code Ann. § 29-11-107(b)(1) and general federal common law. *See,* Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir. 1985).

## COUNT IV:

## VIOLATION OF TENNESSEE CODE ANNOTATED § 40-12-104 IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW

**(Against All Defendants)**

390. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

391. Tennessee Code Annotated § 40-12-104 defines Plaintiff's rights as an applicant seeking to appear before a Grand Jury in Sevier County, Tennessee.

392. On March 27, 2023, Plaintiff was a "person having knowledge or proof of the commission of a public offense triable or indictable in the county."

393. On March 27, 2023, Plaintiff attempted to appear before a Grand Jury Panel as permitted under T.C.A. § 40-12-104.

394. On March 27, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 without first submitting Defendants' unlawful Application to the Defendants.

395. On March 27, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 without first submitting Defendants' unlawful Application to the Defendants by the Defendants' unlawful deadline.

396. On March 27, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 unless Plaintiff first provided

Defendants with Plaintiff's government-issued photo identification.

397. On March 27, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 unless Plaintiff appeared on a date and time unlawfully scheduled by the Defendants.

398. On May 1, 2023, Plaintiff was a "person having knowledge or proof of the commission of a public offense triable or indictable in the county."

399. On May 1, 2023, Plaintiff attempted to appear before a Grand Jury Panel as permitted under T.C.A. § 40-12-104.

400. On May 1, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 without first submitting Defendants' unlawful Application to the Defendants.

401. On May 1, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 without first submitting Defendants' unlawful Application to the Defendants by the Defendants' unlawful deadline.

402. On May 1, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 unless Plaintiff first provided Defendants with Plaintiff's government-issued photo identification.

403. On May 1, 2023, Plaintiff was denied his application to appear before a Grand Jury Panel on March 27, 2023 unless Plaintiff appeared on a date and time unlawfully scheduled by the Defendants.

404. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority in their official capacity to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first submit Defendants' unlawful Application to Defendants' agent, Defendant Sevier County, or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

405. Defendant Sevier County maintained no duty, jurisdiction or authority to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first submit Defendants' unlawful Application to Defendant Sevier County or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

406. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority in their official capacity to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first submit Defendants' unlawful Application to Defendants' agent, Defendant Sevier County, on or before Defendants' unlawful deadline or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

407. Defendant Sevier County maintained no duty, jurisdiction or authority to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first submit Defendants' unlawful Application to Defendant

Sevier County on or before Defendants' unlawful deadline or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

408. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority in their official capacity to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first provide Plaintiff's government-issued photo identification to Defendants' agent, Defendant Sevier County, or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

409. Defendant Sevier County maintained no duty, jurisdiction or authority to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to require Plaintiff as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 to first provide Plaintiff's government-issued photo identification to Defendant Sevier County or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

410. Defendants Dunn, Newcomb, and Medlin maintained no official duty, jurisdiction, or authority in their official capacity to schedule Plaintiff's appearance as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

411. Defendant Sevier County maintained no duty, jurisdiction or authority to schedule Plaintiff's appearance as an applicant to appear before a Sevier County Grand Jury on March 27, 2023 or be denied Plaintiff's application to appear before the Grand Jury on March 27, 2023.

412. Defendants and each of them denied Plaintiff's legal rights afforded under T.C.A. § 40-12-104.

413. Plaintiff was a "person" as defined in T.C.A. § 40-12-104.

414. Defendants and each of them committed unlawful acts and violations as set forth in the body of this Complaint, all of which directly and proximately contributed to the injuries of Plaintiff.

415. By and through their acts and omissions as set forth in the body of this Complaint, Defendants and each of them aided and abetted one another in committing the unlawful acts and violations as set forth in the body of this Complaint.

416. T.C.A. § 40-12-104 creates a duty, the breach of which by the Defendants constitutes negligence per se. The negligence, reckless and wanton acts of the Defendants, in direct violation of this statute, proximately caused injuries to Plaintiff and he is entitled to recover for his injuries therefrom.

417. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were

committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

**COUNT V:**

**VIOLATION OF TENNESSEE CODE ANNOTATED § 39-17-309
IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW**

**(Against All Defendants)**

418. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

419. Tennessee Code Annotated § 39-17-309 states that "[t]he general assembly finds and declares that it is the right of every person regardless of race, color, ancestry, religion or national origin, to be secure and protected from fear, intimidation, harassment and bodily injury caused by the activities of groups and individuals. . . . The general assembly recognizes the constitutional right of every citizen to harbor and express beliefs on any subject whatsoever and to associate with others who share similar beliefs."

420. Tenn. Code Ann. § 39-17-309 further states that "[t]he general assembly further finds that the advocacy of unlawful acts by groups or individuals against other persons or groups for the purpose of inciting and provoking damage to property and bodily injury or death to persons is not constitutionally protected,

poses a threat to public order and safety, and should be subject to criminal sanctions."

421. Tenn. Code Ann. § 39-17-309 further states that "[a] person commits the offense of intimidating others from exercising civil rights who [i]njures or threatens to injure or coerces another person with the intent to unlawfully intimidate another from the free exercise or enjoyment of any right or privilege secured by the constitution or laws of the state of Tennessee."

422. Tenn. Code Ann. § 39-17-309 further states that "[a] person commits the offense of intimidating others from exercising civil rights who [i]njures or threatens to injure or coerces another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by the constitution or laws of the United States or the constitution or laws of the state of Tennessee."

423. Tenn. Code Ann. § 39-17-309 further states that "[t]he penalties provided in this section for intimidating others from exercising civil rights do not preclude victims from seeking any other remedies, criminal or civil, otherwise available under law."

424. Plaintiff was a "person" T.C.A. § 39-17-309 was intended to protect.

425. By and through the acts and omissions set forth in the body of this Complaint, the Defendants violated T.C.A. § 39-17-309.

426. T.C.A. § 39-17-309 creates a duty, the breach of which by the Individual Defendants constitutes negligence per se. The negligence, reckless and wanton acts of the Individual Defendants, in direct violation of this statute, proximately caused injuries to the Plaintiff and he is entitled to recover for his injuries therefrom.

427. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

## COUNT VI:

## VIOLATION OF TENNESSEE CODE ANNOTATED § 39-16-507 IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW

**(Against Defendants Dunn, Newcomb, and Medlin)**

428. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

429. Tennessee Code Annotated § 39-16-507 states that "[a] person commits an offense who, by means of coercion, influences or attempts to influence a witness or prospective witness in an official proceeding with intent to influence the witness to [w]ithhold any truthful testimony, truthful information, document or

thing."

430. On March 27, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer truthful testimony as afforded him in accordance with T.C.A. § 40-12-104.

431. On March 27, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer truthful information as afforded him in accordance with T.C.A. § 40-12-104.

432. On March 27, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer the grand jury documents and things as afforded to him with T.C.A. § 40-12-104.

433. On March 27, 2023, Plaintiff was a "witness" or an "official witness" T.C.A. § 39-16-507 was intended to protect.

434. On May 1, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer truthful testimony as afforded him in accordance with T.C.A. § 40-12-104.

435. On May 1, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer truthful information as afforded him in accordance with T.C.A. § 40-12-104.

436. On May 1, 2023, Plaintiff intended to appear before a grand jury in official proceedings to offer the grand jury documents and things as afforded to

him with T.C.A. § 40-12-104.

437. On May 1, 2023, Plaintiff was a "witness" or an "official witness" T.C.A. § 39-16-507 was intended to protect.

438. Each Defendant was a "person" as defined by T.C.A. § 39-16-507.

439. By and through the acts and omissions set forth in the body of this Complaint, the Defendants violated T.C.A. § 39-16-507.

440. T.C.A. § 39-16-507 creates a duty, the breach of which by the Individual Defendants constitutes negligence per se. The negligence, reckless and wanton acts of the Individual Defendants, in direct violation of this statute, proximately caused injuries to the Plaintiff and he is entitled to recover for his injuries therefrom.

441. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

/////

## COUNT VII:

## VIOLATION OF TENNESSEE CODE ANNOTATED § 39-16-402 IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW

**(Against Defendants Dunn, Newcomb, and Medlin)**

442. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

443. Tennessee Code Annotated § 39-16-402 states that "[a] public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly [c]omits an act relating to the public servant's office or employment that constitutes an unauthorized exercise of official power."

444. T.C.A. § 39-16-402 further states that "[a] public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly [c]omits an act under color of office or employment that exceeds the public servant's official power."

445. T.C.A. § 39-16-402 further states that "[a] public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly [r]efrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment."

446. T.C.A. § 39-16-402 further states that "[a] public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or

knowingly [v]iolates a law relating to the public servant's office or employment."

447. T.C.A. § 39-16-402 further states that "[a] public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly [r]eceives any benefit not otherwise authorized by law."

448. T.C.A. § 39-16-402 further states that "[f]or purposes of subdivision (a)(2), a public servant commits an act under color of office or employment who acts or purports to act in an official capacity or takes advantage of the actual or purported capacity."

449. Plaintiff was "another" T.C.A. § 39-16-402 was intended to protect.

450. Each Defendant was a "public servant" as defined by T.C.A. § 39-16-402.

451. By and through the acts and omissions set forth in the body of this Complaint, Defendants violated T.C.A. § 39-16-402.

452. T.C.A. § 39-16-402 creates a duty, the breach of which by the Individual Defendants constitutes negligence per se. The negligence, reckless and wanton acts of the Individual Defendants, in direct violation of this statute, proximately caused injuries to the Plaintiff and he is entitled to recover for his injuries therefrom.

453. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were

committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

## COUNT VIII:

## VIOLATION OF TENNESSEE CODE ANNOTATED § 39-16-403 IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW

**(Against Defendants Dunn, Newcomb, and Medlin)**

454. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

455. Tennessee Code Annotated § 39-16-403 states that "[a] public servant acting under color of office or employment commits an offense who [i]ntentionally subjects another to mistreatment or to arrest, detention, stop, frisk, halt, search, seizure, dispossession, assessment or lien when the public servant knows the conduct is unlawful."

456. Tenn. Code Ann. § 39-16-403 further states that "[a] public servant acting under color of office or employment commits an offense who [i]ntentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity, when the public servant knows the conduct is unlawful."

457. Tenn. Code Ann. § 39-16-403 further states that "[a] public servant acts under color of office or employment if the public servant acts, or purports to

act, in an official capacity or takes advantage of the actual or purported capacity."

458. Each Defendant was a "public servant" as defined by T.C.A. § 39-16-403.

459. By and through the acts and omissions set forth in the body of this Complaint, the Defendants violated T.C.A. § 39-16-403.

460. T.C.A. § 39-16-403 creates a duty, the breach of which by the Individual Defendants constitutes negligence per se. The negligence, reckless and wanton acts of the Individual Defendants, in direct violation of this statute, proximately caused injuries to the Plaintiff and he is entitled to recover for his injuries therefrom.

461. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

## COUNT IX:

## VIOLATION OF TENNESSEE CODE ANNOTATED § 39-16-510 IN VIOLATION OF 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW

**(Against Defendants Dunn, Newcomb, and Medlin)**

462. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a

part hereof as if fully set forth herein.

463. Tennessee Code Annotated § 39-16-510 states that "[a] person commits the offense of retaliation for past action who harms or threatens to harm a witness at an official proceeding, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, employee of the clerk, juror or former juror, or a family member of any such person, by any unlawful act in retaliation for anything the witness, judge, district attorney general, assistant district attorney general, employee of the district attorney general or a law enforcement officer, clerk, employee of the clerk, or juror did in an official capacity as witness, judge, district attorney general, assistant district attorney general, employee of the district attorney general or a law enforcement officer, clerk, employee of the clerk, or juror. The offense of retaliation for past action shall not apply to an employee of a clerk who harms or threatens to harm the clerk."

464. Plaintiff was a "witness" T.C.A. § 39-16-510 was intended to protect.

465. Each Defendant was a "person" as defined by T.C.A. § 39-16-510.

466. By and through the acts and omissions set forth in the body of this Complaint, the Defendants violated T.C.A. § 39-16-510.

467. T.C.A. § 39-16-510 creates a duty, the breach of which by the Individual Defendants constitutes negligence per se. The negligence, reckless and

wanton acts of the Individual Defendants, in direct violation of this statute, proximately caused injuries to the Plaintiff and he is entitled to recover for his injuries therefrom.

468. The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

## COUNT X:

## UNCONSTITUTIONAL CUSTOM, POLICY, PATTERN AND PRACTICE OF DENIAL OF SUBSTANTIVE DUE PROCESS IN VIOLATION OF AMENDMENT XIV OF THE CONSTITUTION OF THE UNITED STATES AND 42 U.S.C. § 1983 AND 42 U.S.C. § 1988

**(Against Defendant Sevier County)**

469. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

470. Prior to March 27, 2023, Defendant Sevier County developed and maintained customs, policies, or practices exhibiting deliberate indifference to the constitutional rights of persons in the community, which caused the violation of the Plaintiffs' constitutional rights under the due process clause of the Fourteenth Amendment of the United States Constitution, which protects individuals from

unwarranted state interference of their right to relationship.

471. Defendant Sevier County maintained a custom, policy, or practice of denying individuals of their legal right to appear before a grand jury as afforded under T.C.A. § 40-12-104 including inadequately and improperly investigating citizen complaints of individuals by requiring their complaints to be reduced to writing in Defendants' unlawful Application or be denied the individual's application to appear before a grand jury.

472. Defendant Sevier County maintained a custom, policy, or practice of denying individuals of their legal right to appear before a grand jury as afforded under T.C.A. § 40-12-104 including imposing an unlawful deadline upon individuals for submission of Defendants' unlawful Application or be denied the individual's application to appear before a grand jury.

473. Defendant Sevier County maintained a custom, policy, or practice of denying individuals of their legal right to appear before a grand jury as afforded under T.C.A. § 40-12-104 including unlawfully a obtaining government-issued photo identification from applicants or be denied the individual's application to appear before a grand jury.

474. Defendant Sevier County maintained a custom, policy, or practice of denying individuals of their legal right to appear before a grand jury as afforded under T.C.A. § 40-12-104 including scheduling the applicant's appearance or

be denied the individual's application to appear before a grand jury.

475. Defendant Sevier County was aware of problems with Defendants' collection of their unlawful Application from individuals seeking to appear before a grand jury as afforded under T.C.A. § 40-12-104.

476. Defendant Sevier County was aware of problems with Defendants' unlawful deadline requiring receipt of their unlawful Application from individuals seeking to appear before a grand jury as afforded under T.C.A. § 40-12-104.

477. Defendant Sevier County was aware of problems with Defendants' requirement of a government-issued photo identification from individuals seeking to appear before a grand jury as afforded under T.C.A. § 40-12-104.

478. Defendant Sevier County was aware of problems with Defendants' unlawful scheduling of an individual's appearance before a grand jury as afforded under T.C.A. § 40-12-104.

479. Despite Defendant Sevier County's knowledge and awareness of Defendant Dunn's, Newcomb's, and Medlin's violations of Plaintiff's rights afforded under T.C.A. § 40-12-104, Defendant Sevier County effectively ratified such conduct by failing to investigate and reprimand such behavior, by failing to discharge or discipline their employees, agents, and/or contractors for their conduct.

480. Defendant Sevier County maintained a custom, policy, or practice of failing to properly train employees, agents, and/or contractors, including but not limited to, properly responding to situations regarding how to enforce individuals' rights to appear before a grand jury as afforded under T.C.A. § 40-12-104 absent submission of Defendants' unlawful Application, absent submission of Defendants' unlawful Application by a deadline, absent submission of the applicant's government-issued photo identification, and absent the applicant's appearance as scheduled by Defendants Dunn, Newcomb, Medlin, its Clerk, and other employees of the DAGO.

481. Defendant Sevier County maintained a custom, policy, or practice of treating the Plaintiff differently from other applicants seeking to appear before a grand jury as afforded under T.C.A. § 40-12-104.

482. The aforementioned acts of misconduct were perpetuated, tolerated, and not reprimanded by Defendant Sevier County, thus, Defendant Sevier County inadequately discouraged constitutional violations perpetuated by its own employees, agents, and/or contractors, but instead ratified such conduct, including repeated and perpetual violations of the Plaintiff's rights afforded under T.C.A. § 40-12-104.

483. The aforementioned facts denote a deliberate indifference on the part of the Defendant Sevier County to uphold the constitutional rights of citizens of the

county, including the Plaintiff.

484. Defendant Sevier County's aforementioned actions and inactions directly and proximately denied Plaintiff's substantive due process and caused the violation of Plaintiff's right to access a grand jury on March 27, 2023 unfettered, unaffected, and uninfluenced by the Defendants.

485. Defendant Sevier County's aforementioned actions and inactions directly and proximately denied Plaintiff's substantive due process and caused the violation of Plaintiff's right to access a grand jury on May 1, 2023 unfettered, unaffected, and uninfluenced by the Defendants.

486. As such, Plaintiff's constitutional rights were violated pursuant to the Fourteenth Amendment to the Constitution of the United States of America.

487. As a result of the above-mentioned customs, policies, and/or practices, Defendant Sevier County's employees, agents, and/or contractors believe that their inappropriate actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation or sanction, but would instead be tolerated by Defendant Sevier County.

488. As a direct and proximate result of said Defendant Sevier County's acts, omissions and deliberate indifference to Plaintiff's constitutional right to appear before a grand jury on March 27, 2023 absent the undue influence, improper conduct, and molestation of the Defendants, Plaintiff was deprived his

rights guaranteed by the United States Constitution, the Constitution of the State of Tennessee, and general federal and state laws including, without limitation, T.C.A. § 40-12-104, to appear before a grand jury on March 27, 2023 to provide Plaintiff's testimony and evidence of triable and indictable offenses committed in Sevier County, Tennessee.

489. As a direct and proximate result of said Defendant Sevier County's acts, omissions and deliberate indifference to Plaintiff's constitutional right to appear before a grand jury on May 1, 2023 absent the undue influence, improper conduct, and molestation of the Defendants, Plaintiff was deprived his rights guaranteed by the United States Constitution, the Constitution of the State of Tennessee, and general federal and state laws including, without limitation, T.C.A. § 40-12-104, to appear before a grand jury on May 1, 2023 to provide Plaintiff's testimony and evidence of triable and indictable offenses committed in Sevier County, Tennessee.

490. Plaintiff has suffered and continues to suffer extreme and severe mental anguish and pain, both in mind and in body, due to the acts and omissions of the Defendants on March 27, 2023.

491. Plaintiff has suffered and continues to suffer extreme and severe mental anguish and pain, both in mind and in body, due to the acts and omissions of the Defendants on May 1, 2023.

492. Plaintiff suffers from, and will continue to suffer from, ongoing and continuous permanent damages and injuries, and as such is entitled to recovery of damages.

## COUNT XI:

## SEVIER COUNTY'S UNCONSTITUTIONAL POLICIES AND PRACTICES: DEFENDANT SEVIER COUNTY'S DENIAL OF PLAINTIFF'S RIGHTS AFFORDED BY THE TENNESSEE CONSTITUTION, ARTICLE I, § 35

**(Against Defendant Sevier County)**

493. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

494. Defendant Sevier County, acting by and through its policymakers, officers, and agents, and acting under the color of state law, violated Plaintiff's clearly established rights secured by the Tennessee Constitution, Article 1, § 35.

495. The tortious acts and omissions of Defendant Sevier County, acting by and through its policymakers, officers, and agents, were the direct and proximate result of official county policies or customs created by Defendant Sevier County and their execution or implementation against the Plaintiff, causing the Plaintiff to suffer injury.

496. Defendant Sevier County's customs, practices, or de facto policies are evidenced by actions taken by officials with final decision-making authority,

policies of inadequate training or supervision, and a custom of tolerance or acquiescence of federal and state rights violations, including, in this instance, Defendant Sevier County's premeditated and public commitment to violating the Plaintiff's clearly established rights provided for under the Tennessee Constitution, Article 1, § 35, and its failure to remedy the unconstitutional conduct even after acquiring actual knowledge that Defendant Sevier County had acted unconstitutionally. Despite Defendant Sevier County's actual knowledge of its unconstitutional conduct, officials with final decision-making authority have ratified it and knowingly misrepresented Defendant Sevier County's underlying involvement in denying the Plaintiff his rights as a crime victim.

497. Upon information and belief, Defendant Sevier County, through its employees, engages in a clear and persistent pattern of unconstitutional action against those who express views critical of Sevier County, the DAGO, employees of the DAGO, Defendant Dunn, or Defendant Newcomb; it has notice or constructive notice of that fact; it has tacitly approved of the unconstitutional conduct at issues, such that its deliberate indifference can be said to amount to an official policy of inaction; and Defendant Sevier County's unconstitutional custom was the moving force or direct causal link in the deprivation of the Plaintiff's constitutional rights. The pattern specifically includes, but is not limited to, the failure of Defendant Sevier County to initiate an investigation of the Plaintiff's

complaints for alleged crimes committed by Defendant Newcomb on March 27, 2023 during Grand Jury Panel proceedings in violation of the Tennessee Constitution, Article 1, § 35.

498. Defendant Sevier County fails to train or supervise its employees to prevent constitutional violations like those the Plaintiff suffered, it has knowingly misrepresented its involvement in the constitutional violations that the Plaintiff suffered, and it provides training and supervision that is inadequate to prevent such violations from recurring.

499. Defendant Sevier County's inadequate training is a result of Defendant Sevier County's deliberate indifference to federal and state constitutional rights. For example, communications between Defendant Dunn, Defendant Newcomb, Defendant Medlin, and others about Plaintiff's allegations of crimes committed by Defendant Newcomb on March 27, 2023 during Grand Jury Panel proceedings, and the failure of Defendant Sevier County to investigate Plaintiff's allegations reported directly to Defendant Sevier County's employee, Sheriff Michael R. Hodges, Jr., indicate a lack of understanding of Plaintiff's rights afforded by the Tennessee Constitution, Article 1, § 35. Coupled with Defendant Sevier County's and its employees' repeated violations of the Plaintiff's and other citizens' rights afforded by the Tennessee Constitution, Article 1, § 35, and its knowing misrepresentations regarding the underlying role that Defendant Sevier

County and its employees had in the obstruction of the Plaintiff's rights as a crime victim in Tennessee, this demonstrates a widespread pattern of ignorance of or deliberate indifference to the Tennessee Constitution, Article 1, § 35, indicating a widespread failure of training.

500. Defendant Sevier County's inadequate training was closely related to or actually caused the Plaintiff's injury.

501. Defendant Sevier County failed to promulgate appropriate policies or procedures or take other measures to prevent violations of the Tennessee Constitution, Article 1, § 35 by its employees, agents, or officers, and upon information and belief, no employee involved in the Plaintiff's unconstitutional retaliation, including Sheriff Michael R. Hodges, Jr., has been disciplined for misconduct.

502. As a direct and proximate consequence of Defendant Sevier County's failure to develop, implement, and otherwise devise a policy of adequate training and/or supervision for its employees, agents, and officers, the Plaintiff was deprived of his civil and constitutional rights, privileges, and immunities and was denied his rights as a crime victim afforded by the Tennessee Constitution, Article 1, § 35 -- because the Plaintiff accused Defendant Newcomb of committing those crimes. Properly trained and supervised employees, agents, and officers would have known not to engage in the acts which resulted in the deprivation of the

Plaintiff's civil and constitutional rights.

503. As a direct and proximate result of the customs, practices, and/or de facto policies of Defendant Sevier County and Defendant Sevier County's deliberate indifference to the Plaintiff's clearly established constitutional rights, the Plaintiff suffered damages.

## COUNT XII:

## SEVIER COUNTY'S UNCONSTITUTIONAL POLICIES AND PRACTICES: DEFENDANT SEVIER COUNTY'S DENIAL OF PLAINTIFF'S ACCESS TO A GRAND JURY OR GRAND JURY PANEL UNDER TENNESSEE CODE ANNOTATED § 40-12-104

**(Against Defendant Sevier County)**

504. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

505. Defendant Sevier County, acting by and through its policymakers, officers, and agents, and acting under the color of state law, violated Plaintiff's clearly established rights secured by the First and Fourteenth Amendments to the United States Constitution.

506. The tortious acts and omissions of Defendant Sevier County, acting by and through its policymakers, officers and agents, were the direct and proximate result of official county policies or customs created by Defendant Sevier County and their execution or implementation against Plaintiff, causing Plaintiff to suffer

injury.

507. Defendant Sevier County's customs, practices, or de facto policies are evidenced by actions taken by officials with final decision-making authority, policies of inadequate training or supervision, and a custom of tolerance or acquiescence of federal rights violations, including, in this instance, Defendant Sevier County's premeditated and public commitment to violating Plaintiff's clearly established First Amendment rights and Defendant Sevier County's failure to remedy the unconstitutional conduct even after acquiring actual knowledge that Defendant Sevier County had acted unconstitutionally. Despite Defendant Sevier County's actual knowledge of its unconstitutional conduct, officials with final decision-making authority have ratified it and knowingly misrepresented Defendant Sevier County's underlying involvement in denying Plaintiff access to the Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

508. Upon information and belief, Defendant Sevier County, through its employees, engages in a clear and persistent pattern of unconstitutional action against those who express views critical of Sevier County, the DAGO, employees of the DAGO, Defendant Dunn, Defendant Newcomb, or Defendant Medlin; it has notice or constructive notice of that fact; it has tacitly approved of the unconstitutional conduct at issues, such that its deliberate indifference can be said to amount to an official policy of inaction; and Defendant Sevier County's

unconstitutional custom was the moving force or direct causal link in the deprivation of Plaintiff's constitutional rights. The pattern specifically includes, but is not limited to, the failure of Defendant Sevier County to initiate an investigation of Plaintiff's complaints for obstruction of Plaintiff's access to a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

509. Defendant Sevier County fails to train or supervise its employees to prevent constitutional violations like those Plaintiff suffered, it has knowingly misrepresented its involvement in the constitutional violations Plaintiff suffered, and it provides training and supervision that is inadequate to prevent such violations from recurring.

510. Defendant Sevier County's inadequate training is a result of Defendant Sevier County's deliberate indifference to federal constitutional rights. For example, communications between Defendant Dunn, Defendant Newcomb, Defendant Medlin and others about Plaintiff's applications and attempts to appear before a Grand Jury Panel indicate a lack of understanding of the very nature of the First Amendment. Coupled with Defendant Sevier County's and its employees' repeated violations of Plaintiff's and other individuals' First Amendment rights and its knowing misrepresentations regarding the underlying role that Defendant Sevier County and its employees had in the obstruction of Plaintiff's appearance before a Grand Jury Panel, this demonstrates a widespread pattern of ignorance of

or deliberate indifference to the First Amendment, indicating a widespread failure of training.

511. Defendant Sevier County's inadequate training was closely related to or actually caused Plaintiff's injury.

512. Defendant Sevier County failed to promulgate appropriate policies or procedures or take other measures to prevent violations of the First Amendment by its employees, agents, or officers, and upon information and belief, no employee involved in Plaintiff's unconstitutional retaliation has been disciplined for misconduct.

513. As a direct and proximate consequence of Defendant Sevier County's failure to develop, implement, and otherwise devise a policy of adequate training and/or supervision for its employees, agents, and officers, Plaintiff was deprived of his civil and constitutional rights, privileges, and immunities and was subjected to obstruction of indictments brought against the accused subjects of Plaintiff's applications and appearances before Grand Jury Panels. Properly trained and supervised employees, agents, and officers would have known not to engage in the acts which resulted in the deprivation of Plaintiff's civil and constitutional rights.

514. As a direct and proximate result of the customs, practices, and/or de facto policies of Defendant Sevier County and Defendant Sevier County's deliberate indifference to Plaintiff's clearly established constitutional rights,

Plaintiff suffered damages.

## COUNT XIII:

## INTENTIONAL INFLICTION OF EMOTINAL DISTRESS

**(Against All Defendants)**

515. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

516. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Restatement (Second) of Torts, § 46(1).

517. "Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." *Moorhead v. J.C. Penney Co. Inc.*, 555 S.W.2d. 713, 717 (Tenn. 1977).

518. "[In Tennessee] there are three essential elements to [such a] cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in mental injury." *Id.* and *Johnson v. Woman's Hospital*, 527 S.W.2d. 133, 144 (Tenn. App. 1975).

519. The Plaintiff submits that the Defendants' conduct as alleged herein is so egregious as to constitute intentional infliction of emotional distress.

520. The Plaintiff suffered severe emotional trauma as a result of the Defendants' reckless, intentional and outrageous conduct.

521. Further, "the tort of outrageous conduct is one in which punitive damages may be allowed." *Johnson* at 142.

522. Plaintiff is entitled to punitive damages for the Defendants' reckless, intentional and outrageous conduct.

**COUNT XIV:**

**NEGLIGENCE**

**(Against All Defendants)**

523. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

524. At all times relevant to this Complaint, the Defendants had a duty of care to conduct themselves as a reasonably prudent person would.

525. Defendants Dunn, Newcomb, Marsh, and Medlin, each in their individual and sworn capacities, failed to conduct themselves as a reasonable person would on March 27, 2023.

526. Defendants Dunn, Newcomb, Marsh, and Medlin, each in their individual and sworn capacities, failed to conduct themselves as a reasonable person would on May 1, 2023.

527. In the alternative to the above-pleaded intentional misconduct, although acting only unintentionally, Defendants Dunn, Newcomb, and Medlin each acted negligently and/or recklessly and failed to exercise ordinary or reasonable care under the circumstances.

528. Through each Defendant's negligent and/or reckless conduct, each Defendant breached his duty of care to the Plaintiff, proximately causing Plaintiff to suffer injury and loss.

529. Each Defendant is liable to the Plaintiff for all damages suffered as a consequence of the Defendant's own independent negligent acts and omissions.

530. The injuries and damages described in this Complaint were a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

531. Plaintiff's injuries also were the result of the administrative decisions of Defendant Sevier County, including a failure to adequately train, supervise and staff Defendant Sevier County's employees, agents, and/or contractors, which affected the Plaintiff.

532. As a direct and proximate result of the aforementioned negligence, Plaintiff suffered mental anguish, pain and suffering, and injuries to his dignity.

**COUNT XV:**

**NEGLIGENCE *PER SE***

**(Against All Defendants)**

533. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

534. Tenn. Code Ann. §§ 39-17-309 (civil rights intimidation), 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), and 39-16-510 (retaliation for past action) clearly define the conduct each prohibits.

535. Plaintiff belongs to the class of persons that Tenn. Code Ann. §§ 39-17-309, 39-16-507, 39-16-402, 39-16-403, 39-16-510, and 40-12-104 were designed to protect.

536. Plaintiff's injuries are the type that Tenn. Code Ann. §§ 39-17-309, 39-16-507, 39-16-402, 39-16-403, 39-16-510, 40-12-104 were designed to prevent.

537. Defendants' unlawful conduct persisted and repeated again prior to the March 27, 2023 convening of a Sevier County Grand Jury when Defendants unlawfully required the Plaintiff first submit Defendants' unlawful Application,

by Defendants' unlawful deadline, or be denied Plaintiff's application to appear before a Grand Jury on March 27, 2023.

538. Defendants' unlawful conduct persisted and repeated again prior to the March 27, 2023 convening of a Sevier County Grand Jury when Defendants unlawfully demanded and obtained the Plaintiff's government-issued photo identification or be denied Plaintiff's application to appear before a Grand Jury on March 27, 2023.

539. Defendants' unlawful conduct persisted and repeated again prior to the May 1, 2023 convening of a Sevier County Grand Jury when Defendants unlawfully required the Plaintiff first submit Defendants' unlawful Application, by Defendants' unlawful deadline, or be denied Plaintiff's application to appear before a Grand Jury on May 1, 2023.

540. Defendants' unlawful conduct persisted and repeated again prior to the May 1, 2023 convening of a Sevier County Grand Jury when Defendants unlawfully demanded and obtained the Plaintiff's government-issued photo identification or be denied Plaintiff's application to appear before a Grand Jury on May 1, 2023.

541. Defendant Medlin had knowledge of his duties owed the Plaintiff as the sworn Grand Jury Foreperson responsible for conducting grand jury proceedings on March 27, 2023.

542. Defendant Medlin failed to preserve the Plaintiff's rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

543. Defendant Medlin's violations of Tenn. Code Ann. § 40-12-104 were negligent *per se*, and Defendant Medlin is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

544. Defendant Medlin had knowledge of his duties owed the Plaintiff as the sworn Grand Jury Foreperson responsible for conducting grand jury proceedings on May 1, 2023.

545. Defendant Medlin failed to preserve the Plaintiff's rights afforded under Tenn. Code Ann. § 40-12-104 on May 1, 2023.

546. Defendant Medlin's violations of Tenn. Code Ann. § 40-12-104 were negligent *per se*, and Defendant Medlin is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

547. Defendants' unlawful acts occurred in coordination and with each Individual Defendant.

548. Defendants' violations of Tenn. Code Ann. §§ 39-17-309, 39-16-507, 39-16-402, 39-16-403, 39-16-510, 40-12-104 were negligent *per se*, and each Individual Defendant is liable to the Plaintiff for all damages suffered as a consequence of each Individual Defendant's *per se* negligent acts.

## COUNT XVI:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Against All Defendants)**

549. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

550. During the course of their interactions with Plaintiff, the Defendants and each of them acted unreasonably and failed to use ordinary or reasonable care under the circumstances.

551. As a consequence of each Defendants' breach of his duty of care, the Plaintiff suffered exacerbation and a worsening of his disabling mental health condition.

552. But for each Defendant's breach of his duty of care, the Plaintiff would not have suffered serious and severe emotional injury.

553. Witnessing criminal acts committed by Defendant Dunn, a badge-carrying district attorney general for the State of Tennessee, Defendant Newcomb, a badge-carrying deputy district attorney general for the State of Tennessee, Defendant Medlin, a sworn Grand Jury Foreperson responsible for guaranteeing the Plaintiff's rights afforded under Tenn. Code Ann. § 40-12-104 during official grand jury proceedings, each Individual Defendant caused the Plaintiff to suffer

serious and sever emotional injury that is supported by scientific proof.

554. As a consequence of each Defendant's breach of his duty of care, each Defendant is liable to the Plaintiff for all serious and severe emotional injuries suffered as a consequence of each Defendant's negligent infliction of emotional distress upon the Plaintiff.

## COUNT XVII:

## INJUNCTIVE AND DECLARATORY RELIEF AGAINST DEFENDANT DUNN IN HIS OFFICIAL CAPACITY AND AGAINST DEFENDANT NEWCOMB IN HIS OFFICIAL CAPACITY

555. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

556. Upon information and belief, Defendant Dunn and Defendant Newcomb desire to prosecute the Plaintiff for alleged crimes occurring in Sevier County, Tennessee.

557. Defendant Dunn and Defendant Newcomb each harbor extreme personal animus toward the Plaintiff; Defendant Dunn and Defendant Newcomb have each acted with bias toward the Plaintiff, including, without limitation, by directing Defendants' investigation of the Plaintiff; and Defendant Dunn and Defendant Newcomb are each incapable of approaching the Plaintiff's public speech and criticisms of Defendant Dunn, Defendant Newcomb, Defendant

Medlin, Sevier County, or the DAGO neutrally and without bias.

558. During a July 25, 2023 state court hearing brought by the Plaintiff for judicial interpretation and relief, Defendant Dunn responded to Plaintiff's allegations of Defendant Dunn and assistant district attorney generals obstructing Plaintiff's access to Grand Juries by arguing that individuals' reputations, jobs, or standing in the community could be at risk if the Plaintiff were successful in securing a Grand Jury's indictment. In the same response, Defendant Dunn alleged that he allowed the Plaintiff appear before Grand Jury Panels under Tenn. Code Ann. § 40-12-104 while ignoring Plaintiff's rights afforded under the same statute, evidencing Defendant Dunn's misinterpretation of the Plaintiff's legal rights and Defendant Dunn's self-appointed role of Grand Jury gatekeeper.

559. Defendant Dunn, Defendant Newcomb, and the DAGO consider their investigation of the Plaintiff to be open and ongoing, and they have refused to disclose to the Plaintiff records that would otherwise be considered public on the basis that such records withheld are "investigative" in nature. Defendant Dunn and agents of the DAGO have falsely asserted their lack of involvement in their investigation of the Plaintiff, despite abundant records revealing their active involvement and continuous interest in prosecuting the Plaintiff for any crime possible.

560. Upon information and belief, Defendant Dunn will direct Defendant Newcomb and his agency's resources toward investigating the Plaintiff and anyone who expresses support of Plaintiff's viewpoints if the Plaintiff continues exercise of his constitutional right to criticize Defendant Dunn, Defendant Newcomb, Defendant Medlin, Sevier County, the DAGO and its employees, or others akin to Defendant Dunn.

561. Upon information and belief, Defendant Dunn, acting in his official capacity as District Attorney General and policymaker for the DAGO, has demonstrated a clear and persistent pattern of failing to discipline DAGO employees, agents, or officers for constitutional violations; has policies that are insufficient to protect the constitutional rights of individuals as those policies are applied and understood within the DAGO; and/or actively allows and participates in retaliation when citizens exercise their constitutionally protected rights. This is evident from, among other things, the fact that every DAGO employee, agent, or officer involved in the tortious misconduct set forth in this Complaint violated the Plaintiff's clearly established First Amendment right to express a viewpoint opposite Defendant Dunn, Defendant Newcomb, Defendant Medlin, Sevier County, the DAGO or employees of the DAGO regarding a matter of public concern, and Defendant Dunn's and Defendant Newcomb's criminal acts of official misconduct, official oppression, and witness intimidation by and through

use of their unlawful Application, their unlawful deadline for submission of their unlawful Application, their unlawful collection of applicant's government-issued photo identification, and their unlawful scheduling of an applicant's appearance before the Grand Jury, each act utilized by the Defendants as a tool to prevent, obstruct, and deter the Plaintiff from appearing before a Grand Jury or Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104. Each of those employees, agents, or officers retaliated against the Plaintiff and, upon information and belief, none of those individuals was found to have violated a DAGO policy thereafter. Each of those employees, agents, or officers misused their positions as agents of the DAGO by investigating the Plaintiff without reasonable articulable suspicion or probable cause that any crime had occurred -- simply, that Defendant Dunn, Defendant Newcomb, and employees of the DAGO did not like the Plaintiff or approve of Plaintiff's viewpoints -- and Defendant Dunn personally oversaw the implementation of these policies and personally and expressly approved the actions of his employees in this matter.

562. Upon information and belief, Defendant Dunn, Defendant Newcomb, or employees, agents, or officers of the DAGO may or will continue to pursue their investigation and prosecution of the Plaintiff regarding each instance of Plaintiff's protected free speech and each instance of Plaintiff's attempts to appear before a Grand Jury or Grand Jury Panel under Tenn. Code Ann. § 40-12-104 absent an

injunction.

563. If the Plaintiff continues to be investigated and prosecuted, the Plaintiff will necessarily suffer immediate and irreparable harm, harm resulting from incarceration, and harm resulting from having to defend against another false and malicious prosecution.

564. Because Defendant Dunn, Defendant Newcomb, and employees, agents, and officers of the DAGO have previously subjected the Plaintiff to an investigation as a result of Plaintiff's exercise of clearly established First Amendment rights and rights afforded under Tenn. Code Ann. § 40-12-104, and because the Plaintiff credibly fears that he will experience the same consequences if Plaintiff exercises his clearly established First Amendment rights or rights afforded under Tenn. Code Ann. § 40-12-104 in the same manner again, the Plaintiff's speech will be irreparably chilled and rights denied in the absence of a permanent injunction.

565. Remedies available at law, such as monetary damages, are inadequate to compensate the Plaintiff for the injury to his First Amendment rights.

566. Remedies available at law, such as monetary damages, are inadequate to compensate the Plaintiff for the injury to his rights afforded under Tenn. Code Ann. § 40-12-104.

567. Considering the balance of hardships between the Plaintiff, Defendant Dunn, Defendant Newcomb, and the DAGO, a remedy in equity is warranted.

568. The public interest would not be disserved and would be furthered by a permanent injunction forbidding Defendant Dunn and Defendant Newcomb from taking adverse action against the Plaintiff as a result of his exercise of clearly established First Amendment rights, which Defendant Dunn and the Defendant Newcomb have made clear they do not and will not respect, or from Plaintiff's exercise of his rights afforded under Tenn. Code Ann. § 40-12-104 to provide a Grand Jury or its Panel evidence and testimony of triable or indictable offenses occurring within Sevier County.

569. The Plaintiff is additionally and alternatively entitled to declaratory relief under both federal law and Tenn. Code Ann. § 1-3-121 for the same reasons. In the event that this Court finds that injunctive relief is not warranted, the Plaintiff is still entitled to declaratory relief sufficient to inform sate and local law enforcement that the Plaintiff's speech and expression are fully protected under the First Amendment. and under Tenn. Code Ann. § 40-12-104, and may not result in the Plaintiff's arrest, prosecution, or governmental retaliation of any kind.

/////

## COUNT XVIII:

## IMPUTED NEGLIGENCE

**(Against Defendant Sevier County)**

570. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

571. All allegations of negligence in the preceding paragraphs against Defendants Dunn, Newcomb, and Medlin are imputed to Defendant Sevier County.

## COUNT XIX:

## INDEMNIFICATION

572. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

573. Under Tennessee law, public entities are directed to pay any tort judgment for which their employees are liable within the scope of their employment.

574. The Clerk is an employee of Defendant Sevier County.

575. Accordingly, Defendant Sevier County is required to indemnify Defendant Medlin against whom judgments are entered in this case.

## COUNT XX:

## PUNITIVE DAMAGES

**(Against All Defendants)**

576. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

577. The actions and omissions of Defendants complained of herein were unlawful, shocking to the conscience and unconstitutional, and performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly, and in such a manner as to entitled Plaintiff to a substantial award of punitive damages.

/////

## DAMAGES

578. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

579. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's constitutional rights were violated and he was injured and damaged. The injuries and damages for which the Plaintiff seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

a. Physical pain and suffering;

b. Emotional pain and suffering;

c. Loss of enjoyment of life;

d. Fright, shock, anxiety and humiliation;

e. Permanent injuries;

f. Loss of earning capacity;

g. Punitive damages;

h. Statutory and discretionary costs;

i. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

j. A declaratory judgment that the acts and conduct alleged herein was unconstitutional; and

k. All such further relief, both general and specific, to which Plaintiff may be entitled under the premises.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A. That process issue, and that the Defendants be required to appear and answer this Complaint within the time required by law;

B. That this Court enter a judgment against Defendants for compensatory damages for the injuries and damages sustained by the Plaintiff in an amount to be determined as reasonable by a jury;

C. That this Court enter a judgment against Defendants for punitive damages in an amount to be determined by the jury as fair and reasonable to punish Defendants and to deter others from engaging in similar misconduct;

D. That the Plaintiff be awarded all his discretionary costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b);

E. That a jury of twelve be empaneled to try this cause;

F. That pre-judgment and post-judgment interest be awarded to the Plaintiff;

G. That permanent injunctive and declaratory relief issue; and

H. All such further relief as this Court deems just and proper.

## JURY DEMAND

**THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted on this, the twenty-fourth day of July, 2024.

Erik Cooper
Plaintiff
Post Office Box 1413
Gatlinburg, Tennessee 37738
Telephone: (865) 438-0892
Facsimile: (866) 486-0206
Email: CooperErik@aol.com

*Plaintiff in propria persona*