*Erik Cooper v. James Bruce Dunn, et. al.*
United States District Court for the Eastern District of Tennessee
Case No.: To Be Assigned

**EXHIBIT A**

Defendants' Unlawful Written Application

"Summary Form Application to Testify Before the Grand Jury: TCA 40-12-104"
("Application")

A Component of Defendants' Application Package

## SUMMARY FORM

## APPLICATION TO TESTIFY BEFORE THE GRAND JURY

## T.C.A. 40-12-104

1. Date of criminal action_______________________________________

2. Time of criminal action_______________________________________

3. Location of the events_______________________________________

4. If you desire that the Grand Jury panel considers testimony of other persons you should submit the **sworn affidavits** of those persons so that the Grand Jury panel can schedule that additional testimony, if needed.

5. Summary statement of the actions that you believe were criminal acts. (Continue on back page)

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

6. Failure to fill out this form and submit proper sworn affidavits to support this Application could result in a continuance to the next Grand Jury by the Grand Jury Foreman. **This form, along with the sworn affidavits, should be submitted to the Grand Jury Foreman prior to your Grand Jury Date.**
**Please return to the Foreman on:**_______________________________.

An attempt to provide information to the Grand Jury Foreman and Panel other than what is stated in your Application to Testify could result in a continuance to the next Grand Jury by the Grand Jury Foreman.

_______________________________
Signature

Date:_____________________________

*Erik Cooper v. James Bruce Dunn, et. al.*
United States District Court for the Eastern District of Tennessee
Case No.: To Be Assigned

# EXHIBIT B

Defendants' Unlawful Scheduling Notice

A Component of Defendants' Application Package

Sevier County Grand Jury
Sevier County Courthouse
125 Court Avenue, Suite 204
Sevierville, TN 37862
(865)774-3730

Date: 6-20-2023

Erik Adam Cooper
1216 E Parkway Unit 1413
Gatlinburg, TN. 37738

Sevier County
TENNESSEE

Dear Applicant:

Pursuant to the provisions of Tennessee law (T.C.A. 40-12-104, a copy of which is enclosed) states that any person having knowledge or proof of the commission of a public offense may testify before the Grand Jury.

To begin this application to testify process, we would ask that you complete the enclosed **SUMMARY FORM** and supply the Grand Jury with a summary statement of the actions that you believe were criminal acts. This summary should include the date, time and location of the events. Please turn this form into the Foreman prior to the Grand Jury. See date listed below.

Please understand that mere allegations will not be sufficient to warrant Grand Jury investigation; you must have direct knowledge or proof that criminal offenses have been committed. If you desire that the Grand Jury panel consider testimony of other persons, you should submit the sworn affidavits of those persons so that the Grand Jury panel can schedule that additional testimony, if needed.

You may appear at the Grand Jury on the following date and time:

Date: July 31, 2023 Time: 1:30PM

Summary and Application to Testify Form should be returned to the Grand Jury Foreman by this date: July 12, 2023

The cutoff date to request to appear before this Grand Jury is 7-12-23

Sincerely,

James Medlin

Foreperson, James Medlin
Sevier County Grand Jury

Enclosures
1. Copy of T.C.A. 40-12-104
2. Summary and Application form

*Erik Cooper v. James Bruce Dunn, et. al.*
United States District Court for the Eastern District of Tennessee
Case No.: To Be Assigned

# EXHIBIT C

Defendants' Distributed Copy of "TCA 40-12-104"

A Component of Defendants' Application Package

**NOTES TO DECISIONS**

Analysis

1. Constitutionality.
2. Dismissal on Proof of General Rumor.

**1. Constitutionality.**

This section is constitutional, because it simply adds another statutory disqualification for jury service, and no provision of the organic law supposed to be violated is pointed out. Jenkins v. State, 99 Tenn. 569, 42 S.W. 263, 1897 Tenn. LEXIS 67 (1897).

**2. Dismissal on Proof of General Rumor.**

The court's discharge of an accepted juror, before the jury had been sworn, upon the charge that he was a "whitecap," is justified by proof of a general rumor that the juror was a "whitecap," which he did not offer to contradict or disprove. Jenkins v. State, 99 Tenn. 569, 42 S.W. 263, 1897 Tenn. LEXIS 67 (1897).

## 40-12-103. Reconvening to consider felony.

The judges of the circuit and criminal courts are authorized at any time during the same term of court to reconvene the grand jurors when, during the same term of court and after the jurors have been discharged, a criminal offense which is a felony has been committed in the jurisdiction.

**History.**

Acts 1899, ch. 324, § 1; Shan., § 5836a1; Code 1932, § 10035; T.C.A. (orig. ed.), § 40-1515.

**Textbooks.**

Tennessee Criminal Practice and Procedure (Raybin), § 9.17.

## 40-12-104. Application to testify by person having knowledge of commission of offense.

(a) Any person having knowledge or proof of the commission of a public offense triable or indictable in the county may testify before the grand jury.

(b) The person having knowledge or proof shall appear before the foreman. The person may also submit the sworn affidavits of others whose testimony the person wishes to have considered.

(c) The person shall designate two (2) grand jurors who shall, with the foreman, comprise a panel to determine whether the knowledge warrants investigation by the grand jury. The panel may consult the district attorney general or the court for guidance in making its determination. The majority decision of the panel shall be final and shall be promptly communicated to the person along with reasons for the action taken.

(d) Submission of an affidavit which the person knows to be false in any material regard shall be punishable as perjury. An affiant who permits submission of a false affidavit, knowing it to be false in any material regard, is guilty of perjury. Any person subsequently testifying before the grand jury as to any material fact known by the person to be false is guilty of perjury.

**History.**

Acts 1978, ch. 727, § 1; modified; T.C.A., § 40-1626; Acts 1995, ch. 213, §§ 1-4.

**Cross-References.**

Perjury, title 39, ch. 16, part 7.

**Textbooks.**

Tennessee Criminal Practice and Procedure (Raybin), § 9.23.

Case 3:24-cv-00315-KAC-JEM Document 1-1 Filed 07/24/24 Page 6 of 6 PageID #: 144