UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIK COOPER,<br><br>Plaintiff,<br><br>v.<br><br>JAMES BRUCE DUNN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:24-CV-315-KAC-JEM |

**ORDER STAYING ACTION**

This matter is before the Court on Defendant Ronald Newcomb's "Motion to Stay" [Doc. 15]. On July 24, 2024, Plaintiff Erik Cooper filed a pro se complaint against District Attorney General James Bruce Dunn; Assistant District Attorney General Ronald Newcomb; Sevier County Grand Jury Foreman James Medlin; Sevier County, Tennessee; and "Does 1-50 Inclusive" [*See* Doc. 1]. The Complaint asserts claims under 42 U.S.C. § 1983 and state law against Defendants based on their alleged actions concerning Plaintiff's attempt to appear before the Sevier County Grand Jury on March 27, 2023, and Plaintiff's appearance on May 1, 2023 [*See, e.g.*, Doc. 1 ¶¶ 128-35, 233-44, 364-65]. Defendant Newcomb subsequently filed the instant Motion [Doc. 15]. Plaintiff opposed [Doc. 31].

Defendant Newcomb asserts that Tennessee is currently prosecuting Plaintiff for "falsely accusing an innocent man of assault and seeking prosecution of that man by the grand jury on various dates, including March 27, 2023" and on May 1, 2023 [Docs. 16 at 4, 16-5 at 6]. Defendant Newcomb submits that a stay of this action is appropriate because "a ruling in this case would directly impact ongoing criminal proceedings in state court" against Plaintiff [Doc. 16 at 4].

"[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until [a related] criminal case" ends. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("[F]ederal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding.").[1] "If [a] plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction," *Heck v. Humphrey*[2] "will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *See Wallace*, 549 U.S. at 394. A stay in this context is "an appropriate response to the parallel state-court proceedings." *See Heck*, 512 U.S. at 487 n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

Here, Plaintiff challenges conduct related to his pending criminal prosecution in state court. It is appropriate to stay this action until that criminal prosecution ends. This will ensure that the Court does not "interfere with a pending state criminal proceeding." *See Quackenbush*, 517 U.S. at 716. Accordingly, the Court **STAYS** this action until Plaintiff's related state criminal prosecution concludes. The Parties **SHALL** file a joint status report within **seven (7) days** of the conclusion of Plaintiff's related state court criminal prosecution, indicating the resolution of the state prosecution and the Parties' position regarding how, if at all, that resolution impacts this litigation. **All hearings, deadlines, and the trial of this matter are STAYED pending the conclusion of Plaintiff's state court criminal prosecution.**

---

[1] Plaintiff argues the Court should apply precedent from the United States Court of Appeals for the Ninth Circuit, but it does not apply here [*See* Doc. 31 at 1, 3-4 n.3 (citing *Keating v. Off. of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995); *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005))]. Plaintiff, however, cites no binding authority indicating that a stay is not appropriate here.

[2] 512 U.S. 477 (1994).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge